698 So.2d 1352 (1997)
PALM SPRINGS GENERAL HOSPITAL and Florida Retail Federation SIF, Appellants,
v.
Eduardo CABRERA, Appellee.
No. 96-2602.
District Court of Appeal of Florida, First District.
September 16, 1997.
H. George Kagan and Elliot B. Kula of Miller, Kagan, Rodriguez & Silver, P.A., West Palm Beach, for Appellants.
Barry A. Pemsler, Miami, and Jay M. Levy of Jay M. Levy, P.A., Miami, for Appellee.
*1353 BENTON, Judge.
On this appeal from the final order that awarded permanent total disability benefits to Eduardo Cabrera, his employer and its workers' compensation servicing agent ask us to overturn both the award and the denial of their request that he be evaluated by an expert medical advisor. Concluding that the judge of compensation claims had a statutory duty to order evaluation by an expert medical advisor before ruling on the merits of the petition for benefits, we reverse the final order and remand for the designation of an expert medical advisor, as contemplated by section 440.13(9)(c), Florida Statutes (1995), and Florida Administrative Code Rule 38F-54.005, and for such further proceedings before a judge of compensation claims as may be required.
While working for Palm Springs General Hospital as a carpenter, Mr. Cabrera fell from a ladder in January of 1994. As a result, he fractured some ribs, injured his spine and his right hand, and sustained multiple contusions. The hospital (as his employer) authorized treatment for these injuries. It also authorized psychiatric evaluation and treatment, when that was recommended in May of 1994.
In a petition for benefits, Mr. Cabrera asserted that the accident left him permanently, totally disabled. Before the hearing on the merits, it became clear that none of his treating physicians was of the opinion that physical limitations rendered him incapable of working. His psychiatric condition had become the only basis on which he might qualify for permanent total disability benefits when, a week before the final hearing began, his employer filed a motion for appointment of an expert medical (psychiatric) advisor, on the authority of section 440.13(9)(c), Florida Statutes (1995).

Timely Filing
The employer and its servicing agent filed and served (by facsimile transmission) the motion for appointment of an expert medical advisor on October 3, 1995. It alleged that the mental health care providers treating Mr. Cabrera disagreed about the nature and etiology of his psychiatric condition. The motion also alleged that differences in the opinions of Dr. Castiello and Dr. Rodriguez had only recently come to light: At the time the motion was made, Dr. Gonzalez had not yet stated that he believed the accident at work was the cause of claimant's psychological condition, but Dr. Rodriguez had testified on deposition, taken at claimant's instance on September 14, 1995, to the effect that the industrial accident alone caused Mr. Cabrera's psychological difficulties. Earlier having implicated a preexisting condition, Dr. Castiello first attributed two-thirds of Mr. Cabrera's impairment to a preexisting personality disorder in a letter dated September 28, 1995.
The judge of compensation claims reserved ruling on the original motion for appointment of expert medical advisor until after taking evidence at the merits hearing.[1] Portions of the merits hearing took place on October 10, 1995, November 29, 1995, December 11, 1995, February 12, 1996, February 16, 1996, and March 29, 1996. The last medical evidence was adduced on February 12, 1996. Once all the medical evidence had been put on, the employer renewed its motion to appoint an expert medical advisor. On February 16, 1996, some four and a half months after the original motion was filed, the judge of compensation claims entertained further argument *1354 regarding evaluation by an expert medical advisor. Another three and a half months passed without a ruling on the motion for appointment of an expert medical advisor.
Yet the judge of compensation claims found that the motion was untimely. On the one hand, the judge of compensation claims originally deferred acting on the motion, apparently to determine whether, once all the medical evidence had been adduced at hearing, a true conflict existed, while, on the other hand (as an afterthought), he ruled the motion untimely, implying that the conflict in medical opinion should have been discovered earlier. No prehearing order had set discovery deadlines. The disagreement between health care providers only became apparent shortly before the original motion was filed. The final order failed to mention these crucial facts, in reporting that Mr. Cabrera's psychiatric "condition had been at issue and had been highly visible for some time, at least a year and a half, before the filing of this motion."
We reject the proposition that a party who has complied fully with all pretrial orders should nevertheless be foreclosed from requesting evaluation by an expert medical advisor, if the request is made with reasonable promptness once a conflict in the health care providers' opinions surfaces. Here, if an expert medical advisor had been appointed when requested on October 3, 1995, there is little reason to believe that the final order, entered on June 5, 1996, would have been (further) delayed. There is, indeed, the possibility that an expert medical advisor's assessmentwhich carries with it a (rebuttable) statutory presumption of correctness would have led to an earlier, agreed resolution.
The concern for timeliness the final order manifests is unquestionably legitimate. It is for the judge of compensation claimsnot for the partiesto set hearings, to continue them, if need be, and generally to control the docket. To the extent section 440.13(9)(c), Florida Statutes (1995), permits a party to insist in effect on a continuanceeven after an evidentiary hearing on the merits has begunit carries with it possibilities for unwarranted disruption and delay.[2]
While the statute contains no provisions governing the timeliness of requests for appointment of expert medical advisors, the absence of statutory deadlines does not authorize unreasonable delays in requests for evaluation by expert medical advisors once material disagreement in the opinions of health care providers comes to a party's attention. Cf. Farm Stores, Inc. v. Fletcher, 621 So.2d 706, 708 (Fla. 1st DCA 1993)(holding employer lost statutory right to independent examination where it "waited more than a year to attempt to schedule the independent dental examination").
On the other hand, sections 440.13(9)(c) and 440.25(4)(d), Florida Statutes (1995), contemplate resort to an expert medical advisor, even if disagreement between medical providers becomes apparent only after the merits hearing has begun.
At such hearing, the claimant and employer may each present evidence in respect of such claim.... When there is a conflict in the medical evidence submitted at the hearing, the provisions of s. 440.13 shall apply. The report or testimony of the expert medical advisor shall be made a part of the record of the proceeding.
§ 440.25(4)(d), Fla. Stat. (1995). The statute imposes a duty not only on the parties, but also on the judge of compensation claims, who "shall, upon his own motion" appoint an *1355 expert medical advisor, in the event of a material disagreement between health care providers.[3]
Setting a pretrial hearing and ordering expedited discovery, if necessary, can attenuate any threat to orderly proceedings. On seven days' notice, a pretrial conference can be scheduled, at which the parties may be willing to stipulate either to the appointment of an expert medical advisor or to forgo the appointment. Fla. R. Work. Comp. P. 4.045. Even without a party's requesting it, the judge of compensation claims "shall" appoint an expert medical advisor, if the requisite disagreement in the opinions of health care providers is apparent at the time of the pretrial hearing. § 440.13(9)(c), Fla. Stat. (1995).
If the matter is not resolved at the pretrial hearing, the judge of compensation claims can order discovery cut-off dates, require that medical witnesses be listed early on, require that depositions be taken promptly after medical witnesses are identified, require the exchange of medical records and reports on an immediate and ongoing basis, and otherwise "hold the parties' feet to the fire" by requiring prompt pursuit of any discovery designed to reveal conflict in the medical evidence. Fla. R. Work. Comp. P. 4.045(m) and 4.055.

Material Disagreement
The final order denied the employer's motion for appointment of an expert medical advisor, characterizing section 440.13(9)(c) Florida Statutes (1995), as "directive in nature permitting [but not requiring] a judge to invoke additional assistance in decision-making in some settings," and awarded permanent total disability benefits.
The "setting" in the present case included a material disagreement between health care providers. Dr. Rodriguez testified that Mr. Cabrera suffered from depression caused by the accident he suffered at work. He diagnosed no preexisting condition. Dr. Rodriguez also assigned a fifteen percent permanent impairment rating of the person as a whole, and testified that the accident was the major contributing cause, both of Mr. Cabrera's disability and of his continuing need for treatment. It was this viewin which Dr. Gonzalez eventually joinedthat formed the basis for the award of permanent total disability benefits. Espousing a contrary view, Dr. Castiello attributed most of Mr. Cabrera's psychological impairment to a preexisting personality disorder. In awarding permanent disability benefits, in keeping with section 440.09(1)(b), Florida Statutes (1995), the judge of compensation claims necessarily accepted only one of these opposing views.
Reaching the merits of appellants' motion, the judge of compensation claims declined to "order the injured employee to be evaluated by an expert medical advisor," § 440.13(9)(c), Fla. Stat. (1995), despite disagreements among Mr. Cabrera's three mental health care providers about whether or to what extent the industrial accident was responsible for his psychological condition; whether or to what extent the industrial accident had resulted in permanent psychological impairment; and whether or to what extent his condition was disabling. The record belies the final order's surprising claim that the testimony of the health care providers was not irreconcilable.[4]
*1356 Elsewhere the final order conceded "disagreements in the medical testimony in this case," but dismissed them as "not of such magnitude, nor so divergent or deadlocked" as to require evaluation by an expert medical advisor. Again the record tells a different story. These disagreements were material to central issues in the case. In deciding the case, the judge of compensation claims found it necessary explicitly to reject Dr. Castiello's testimony. The final order's assertion that the evidence was not "too difficult to weigh and decide" has absolutely nothing to do with the statutory requirement to order evaluation by an expert medical advisor.
"[P]rocedure within administrative agencies is subject to statutory regulation." Life Care Ctrs. of Am., Inc. v. Sawgrass Care Ctr., Inc., 683 So.2d 609, 612 (Fla. 1st DCA 1996)(quoting Gator Freightways, Inc. v. Mayo, 328 So.2d 444, 446 (Fla.1976)). Section 440.13(9)(c), Florida Statutes (1995), provides:
If there is disagreement in the opinions of the health care providers, if two health care providers disagree on medical evidence supporting the employee's complaints or the need for additional medical treatment, or if two health care providers disagree that the employee is able to return to work, the division may, and the judge of compensation claims shall, upon his own motion or within 15 days after receipt of a written request by either the injured employee, the employer, or the carrier, order the injured employee to be evaluated by an expert medical advisor. The opinion of the expert medical advisor is presumed to be correct unless there is clear and convincing evidence to the contrary as determined by the judge of compensation claims.
The requirements of section 440.13(9)(c), Florida Statutes (1995), are mandatory and binding on the judge of compensation claims. The statutory language provides no support for the view that the statute is directory only, or that evaluation by expert medical advisors is to be left to the discretion of the judge of compensation claims.
Expressing a general concern that resort to expert medical advisors alters the role judges of compensation claims have traditionally played, the judge of compensation claims attacked the statute and refused to give it effect, stating (inaccurately) that to do so "would obviate this Judge's ability to weigh all the extensive evidence presented before me." Later the final order protests:
To otherwise allow an expert medical advisor would effectively make that witness the virtual adjudicator in most truly contested matters regardless of the other factors being received in evidence.
In our view, the statute leaves intact the distinction between witnesses and adjudicators, virtual or otherwise. In any event, such arguments should be addressed to the Legislature, and are a wholly insufficient basis for a judge of compensation claims to disregard the clear expression of legislative policy that section 440.13(9)(c), Florida Statutes (1995), embodies.
Reversed and remanded.
ERVIN and KAHN, JJ., concur.
NOTES
[1] In part, the final order stated:

19. Just prior to the final hearing, a Motion for Expert Medical Advisor was filed by the Employer/Carrier [sic] and argued shortly before the commencement of that hearing. I note that the Claimant's psychiatric condition had been at issue and had been highly visible for some time, at least a year and a half, before the filing of this motion. Dr. Castiello had examined the Claimant in June of 1994, and again in June, 1995. The Claimant had been under active psychiatric care shortly following that initial examination up to and through the time of the pretrial stipulation entered on July 28, 1995; he remained under psychiatric treatment up to the time of final hearing. All physicians treating the Claimant, and who testified before me, were authorized treating physicians. I find that this motion initially filed by the Employer/Carrier [sic] was untimely and late-filed. Although I heard argument on the motion and held the motion in abeyance without prejudice to renew consideration....
[2] The judge of compensation claims has fifteen days in which to act on a party's written request. § 440.13(9)(c), Fla. Stat. (1995). "[T]he Division shall, within 10 days, assign an expert medical advisor." Fla. Admin. Code R. 38F-54.005(2). Section 440.13(9)(d), Florida Statutes (1995), provides:

The expert medical advisor must complete his evaluation and issue his report to the division or to the judge of compensation claims within 45 days after receipt of all medical records.
Once an appointment is scheduled, however, a claimant who is receiving benefits has an important incentive to show up: "An employee who fails to report to and cooperate with such evaluation forfeits entitlement to compensation during the period of failure to report or cooperate." § 440.13(9)(c), Fla. Stat. (1995).
[3] We do not suggest that failure to order evaluation constitutes fundamental error, or that a party that does not seek evaluation below will be heard on appeal to complain of the failure to designate an expert medical advisor.
[4] In part, the final order stated:

... I find that the psychiatric evidence presented to me is neither irreconcilable, or too difficult to weigh and decide, nor am I unable `to properly rule' without resort to an expert medical advisor. I find that the disagreements in the medical testimony in this case were not of such magnitude, nor so divergent or deadlocked so as to require me to ask for the appointment of yet a fourth mental health expertand fourteenth witness in this case. I find that it would not have been appropriate for me to ask for appointment of an additional witness, who would have but one relatively brief opportunity to evaluate and examine this claimant, in the face of the lengthy and significant evaluations that have taken place thus far which have presented me with more than ample evidence upon which to make a decision, and which, to a large extent, would obviate this Judge's ability to weigh all the extensive evidence presented before me.
20. I find that this case is not an appropriate one for the appointment of an expert medical advisor and I decline to make such an appointment. My ruling is not necessarily that the statute's "shall" means "may", but that the new statutory provision cannot be applied in a vacuum and is, instead, directive in nature permitting a judge to invoke additional assistance in decision-making in some settings.