725 So.2d 1188 (1998)
HELMSMAN MANAGEMENT SERVICES, Appellants,
v.
Teresa GARNER, Appellee.
No. 98-961.
District Court of Appeal of Florida, First District.
December 28, 1998.
Rehearing Denied February 15, 1999.
Derrick E. Cox and W. Rogers Turner, Jr. of Hurley, Rogner, Miller, Cox & Waranch, P.A., Orlando, for Appellants.
Bill McCabe, Longwood and O. John Alpizar, Palm Bay, for Appellee.
VAN NORTWICK, J.
Florida Power & Light and Helmsman Management Services (jointly the employer/carrier) appeal an order of the judge of compensation claims (JCC) awarding claimant, Teresa Garner, permanent total disability benefits. The employer/carrier raise two issues, only one of which has merit. Specifically, they contend the JCC should have granted their motion for the appointment of and evaluation by an expert medical advisor pursuant to section 440.13(9)(c), Florida Statutes (1995).[1] Based upon Palm Springs General Hosp. v. Cabrera, 698 So.2d 1352 (Fla. 1st DCA 1997), and Walsdorf Sheet Metal Works, Inc. v. Gonzalez, 719 So.2d 355, 23 Fla. L. Weekly D2407 (Fla. 1st DCA 1998), we agree and reverse.
Claimant, a meter reader for Florida Power & Light, was injured when she was struck on the head by a large wooden gate, suffering a concussion and herniated and bulging discs. She sought an independent medical examination with Dr. Weiss, a neurologist. In his report prepared before the final hearing, the doctor recommended testing and stated his final opinion would follow the results from these tests. His deposition was *1189 not taken before the final hearing. The parties' pretrial stipulation was admitted into evidence the day of the final hearing. It neither lists Dr. Weiss as a witness nor sets forth a summary of his expert opinion on claimant's permanent impairment rating or work restrictions.
At the final hearing, Dr. Weiss testified that claimant had a combined 40-45% permanent impairment rating and significant work restrictions. Counsel for the employer/carrier expressed surprise at this testimony and requested the appointment of an expert medical advisor because of the disagreement between Dr. Weiss' opinion and the opinions of the other health care providers who had examined claimant. The JCC denied the motion as untimely, commenting that counsel could have taken the deposition of Dr. Weiss. Counsel responded that he would have scheduled Dr. Weiss' deposition if the doctor had included in his report (or in a supplemental report) his opinion on the impairment rating and work restrictions.
In Gonzalez, this court explained that, either at the pretrial conference or in the pretrial stipulation, the parties are obligated to exchange the names of expert witnesses and their written reports. See rule 4.045, and forms 4.909, 4.9092, and 4.910(a) and (b), Fla. R. Work. Comp. P. These "reports should clearly disclose the expert opinions and its basis on all subjects on which the expert will testify." Rule 4.045(h)(5), Fla. R. Work. Comp. P. The pretrial stipulation can be amended in the event an expert's opinion changes or is supplemented.
If parties follow the pretrial procedure anticipated by rule 4.045, the parties would know the substance of expert opinions substantially prior to the final hearing so that the hearing can proceed without interruption and the JCC may adjudicate the merits of the claim expeditiously. In addition, if rule 4.045 is followed, ordinarily any need for the appointment of an expert medical advisor pursuant to section 440.13(9)(c) would be known well in advance of the final hearing. That did not occur here. The first time counsel for the employer/carrier was reasonably aware of the extent of the differences in expert medical opinions was at the final hearing. Cabrera, 698 So.2d at 1354. As a result, the determination of claimant's benefits must be delayed to allow for the evaluation of claimant by an expert medical advisor.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH and BENTON, JJ., CONCUR.
NOTES
[1] Section 440.13(9)(c), Fla. Stat. (1995) provides in pertinent part:

If there is disagreement in the opinions of the health care providers, if two health care providers disagree on medical evidence supporting the employee's complaints or the need for additional medical treatment, or if two health care providers disagree that the employee is able to return to work, the division may, and the judge of compensation claims shall, upon his own motion or within 15 days after receipt of a written request by either the injured employee, the employer, or the carrier, order the injured employee to be evaluated by an expert medical advisor. The opinion of the expert medical advisor is presumed to be correct unless there is clear and convincing evidence to the contrary as determined by the judge of compensation claims.