PER CURIAM.
The City of Inverness and the Florida League of Cities appeal an order of the judge of compensation claims contending the judge should have granted their motion for the appointment of an expert medical advisor. See § 440.13(9)(c), Fla. Stat. (1997). Because the testimony of the expert medical witnesses is contradictory on at least one material element, we reverse. See Claims Management, Inc. v. Lake, 717 So.2d 140, 141 (Fla. 1st DCA 1998) (“The judge of compensation claims erred in refusing to grant the E/C’s motion to appoint an EMA, notwithstanding the mandatory language of section 440.13(9)(c), Florida Statutes (1995).”); Palm Springs Gen. Hasp. v. Cabrera, 698 So.2d 1352, 1356 (Fla. 1st DCA 1997) (“The statutory language provides no support for the view that the statute is directory only, or that evaluation by expert medical advisors is to be left to the discretion of the judge of compensation claims.”).
REVERSED and REMANDED for appointment of an expert medical advisor and further proceedings consistent with this opinion.
BARFIELD, C.J., and WEBSTER and BENTON, JJ., CONCUR.