817 So.2d 1080 (2002)
Pedro MARTINEZ, Appellant,
v.
HEALTHSOUTH DOCTOR'S HOSPITAL and Cigna Insurance Companies, Appellees.
No. 1D01-1413.
District Court of Appeal of Florida, First District.
June 10, 2002.
*1081 Mark J. Feldman, Miami, for Appellant.
Susan J. Arrick and Helenmarie Blake, Miami, for Appellees.
PER CURIAM.
In this case, the Judge of Compensation Claims (JCC) ordered examination of the claimant by an expert medical advisor (EMA) due to a conflict in the opinions of the treating physician and the independent medical examiner regarding whether the claimant was permanently impaired. The claimant failed to timely schedule the appointment with the EMA, and when the JCC scheduled it for him, his attorney informed the EMA that the claimant was out of the country and would not likely return for several months. The JCC's position was due to terminate prior to the time the claimant would be available for the EMA examination. She re-evaluated the evidence and found that there was no conflict in the doctors' opinions. Over the claimant's objection, she decided the case without benefit of the EMA's examination. This constituted reversible error.
Section 440.13(9)(c), Florida Statutes (Supp.1996), provides that the sanction for a claimant's failure to cooperate with the EMA evaluation order is forfeiture of entitlement to compensation during the period of failure to cooperate, not withdrawal of the EMA order. The JCC's impending unavailability cannot be considered a justification for circumventing the mandatory provisions of this statute. The JCC's finding that there is no conflict in the medical testimony is unsupported by the record, which indicates clear disagreement regarding the fact of permanent impairment.
Under this court's interpretation of section 440.13(9)(c) in Palm Springs General Hospital v. Cabrera, 698 So.2d 1352 (Fla. 1st DCA 1997), and its progeny, this statute when read in pari materia with section 440.1925 provides that if there is conflict in the expert testimony with regard to the degree of permanent impairment, the JCC must order examination by an EMA, even if neither party requests an EMA. We therefore REVERSE the JCC's order and REMAND the case to the JCC for further proceedings consistent with this opinion.
ERVIN, BARFIELD, and VAN NORTWICK, JJ., concur.