VAN NORTWICK, J.
In this workers’ compensation appeal, MIMI/Medpartners, Inc., the employer, and ITT Specialty Risk Services, the servicing agent, appeal an order of the Judge of Compensation Claims (JCC) determining that appellee, Josephine Boestfleisch, the claimant below, is permanently and totally disabled (PTD) and awarding PTD benefits. We affirm all issues raised on appeal. We write to address the argument of the employer/servicing agent that the JCC erred in excluding the testimony of their vocational expert.
Claimant worked for the employer as a medical assistant, phlebotomist, and x-ray technician. On January 18, 1999, she injured her back when a patient began to fall and grabbed claimant for support, causing claimant to fall. Her treating orthopedist confirmed a spinal injury, placed claimant on maximum medical improvement as of November 10, 1999, and assigned an 8% permanent impairment rating to the body as a whole. Claimant’s neurologist assigned a 13% permanent impairment and opined that claimant should engage in only occasional twisting and stair climbing; should never stoop, crouch, climb ladders or work overhead; should never lift more than 20 pounds; and should limit her standing, walking, and sitting and have the ability to change positions frequently.
Claimant filed a petition for benefits claiming that she was PTD. The parties executed a pretrial stipulation which was received by the JCC on July 24, 2000. The workers’ compensation merits hearing was scheduled for March 5, 2001. In that pretrial stipulation, claimant stated that she would be submitting as documentary evidence a social security decision from the Social Security Administration. The record reflects that the employer/carrier was aware that claimant had applied for social security disability as early as November 5, 1999, and that she had initially been turned down. Her social security hearing before an administrative law judge was held on January 5, 2001.
On February 14, 2001, the administrative law judge issued his decision finding that claimant was entitled to social security disability commencing as of January 18, 1999, on the basis that the injury to her spine was a listed impairment which met social security requirements and which had precluded her from working for the past twelve continuous months. Shortly before the final hearing, the employer/servicing agent requested that claimant be made available for a re-employment assessment on February 28. Despite the late notice, claimant attended the assessment.
Immediately after the assessment, claimant filed a motion to strike any vocational evaluator’s expert testimony, arguing that the case had been set for a merits hearing for a substantial time and that the employer/servicing agent should have requested an assessment prior to the pretrial conference and listed the expert in the pretrial stipulation. Claimant asserted that she would suffer unfair prejudice if the expert was allowed to testify because she had not had sufficient time to obtain a contrary expert opinion or even to sufficiently prepare cross-examination. Claimant’s counsel alleged that he had attempted to retain the services of several vocational evaluators to no avail due to the time constraints and he gave the names of those experts contacted. He argued that *514 it would be unfair to claimant to continue the merits hearing because claimant’s claim had been pending since January 18, 2000, she had been without income or benefits for over a year, and claimant and her husband lost their home through foreclosure and had been required to move to New York to live with their oldest son. For the reasons argued by the claimant, the JCC granted the motion to strike.
Section 440.491(9), Florida Statutes (1999) provides that the JCC may not adjudicate a claimant as PTD “until or unless the carrier is given the opportunity to provide a reemployment assessment.” Thus, the employer/servicing agent argue, it was error to strike the testimony of the vocational expert witness who performed the re-employment assessment. We do not agree.
Read together, Palm Springs Gen. Hosp. v. Cabrera, 698 So.2d 1352 (Fla. 1st DCA 1997), and Walsdorf Sheet Metal Works, Inc. v. Gonzalez, 719 So.2d 355 (Fla. 1st DCA 1998), stand for the proposition that, if a conflict in medical testimony is apparent at or before the pretrial conference, there was no error when the JCC denied as untimely the request for the appointment of an emergency medical ad-visor pursuant to section 440.13(9)(c) made during or at the eve of trial. See also Amendments to the Florida Rules of Workers’ Compensation Procedure, 795 So.2d 863 (Fla.2000). Similarly, while section 440.491(9) contains no time limitations in seeking a re-employment assessment, when the facts known at the time of the pretrial conference show that it is reasonably likely that a re-employment assessment would be relevant and material, the employer/servicing agent must make the request for the assessment in a timely manner to provide an opportunity for the claimant to obtain a vocational expert prior to the merits hearing. We do not read section 440.491(9) “as allowing a party to disrupt the orderly and efficient trial of a workers’ compensation case,” Gonzalez, 719 So.2d at 357, by waiting until the “eleventh hour” to request a re-employment assessment.
Here, as claimant argues, competent substantial evidence supports the JCC’s finding that the employer/servicing agent did not act in a diligent and timely manner in seeking the re-employment assessment. Accordingly, we affirm.
AFFIRMED.
ERVIN AND BARFIELD, JJ., CONCUR.