871 So.2d 939 (2004)
AT& T WIRELESS and Kemper Insurance, Appellants,
v.
Valerie FRAZIER, Appellee.
No. 1D03-0911.
District Court of Appeal of Florida, First District.
March 30, 2004.
*940 Mark A. Faris, of Hinshaw & Culbertson, Fort Lauderdale, for Appellants.
Glen Wieland, Orlando, and Bill McCabe, Longwood, for Appellee.
PER CURIAM.
The employer and the workers' compensation insurance carrier (E/C) appeal an order of the Judge of Compensation Claims (JCC) denying their request for appointment of an Expert Medical Advisor (EMA) pursuant to section 440.13(9), Florida Statutes, based upon substantial conflicts in the medical opinions of the treating physician and the physician who performed an independent medical examination (IME) of the claimant. They also appeal the ensuing compensation order awarding the claimant permanent total disability benefits based upon the JCC's acceptance of the opinion of the treating physician over the opinion of the IME physician. We reverse both orders, because the record demonstrates that the JCC misconstrued section 440.13(9) and misinterpreted the interplay between that provision and the time limit requirements of section 440.25, Florida Statutes (2002).
Section 440.13(9) imposes upon the JCC a statutory duty to order that the claimant be evaluated by an EMA before ruling on the merits of the petition for benefits whenever it becomes apparent that there is a substantial conflict in the medical opinions, even if the conflict in medical opinions becomes evident only after the merits hearing has begun, and even if neither party requests appointment of an EMA. See Palm Springs General Hospital v. Cabrera, 698 So.2d 1352 (Fla. 1st DCA 1997). See also Martinez v. Healthsouth Doctor's Hospital, 817 So.2d 1080 (Fla. 1st DCA 2002); Helmsman Management Services v. Garner, 725 So.2d 1188 (Fla. 1st DCA 1998); Claims Management, Inc. v. Lake, 717 So.2d 140 (Fla. 1st DCA 1998). And see Broward Children's Center, Inc. v. Hall 859 So.2d 623 (Fla. 1st DCA 2003); Siemens Information & Communications Network v. Collins, 854 So.2d 271 (Fla. 1st DCA 2003). We read section 440.13(9) as consistent with the legislative intent expressed in section 440.015, that chapter 440 be interpreted "so as to assure the quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the worker's return to gainful employment." In Cabrera, we rejected the argument that a party who has complied fully with all pretrial orders should nevertheless be foreclosed from requesting evaluation by an EMA, if the request is made with reasonable promptness once a conflict in the medical opinions become apparent, 698 So.2d at 1354.
We find that the E/C's request for appointment of an EMA was made with reasonable promptness after they discovered the conflict in the opinions of the treating physician and the IME physician, and that the JCC was therefore required to grant the request, notwithstanding that *941 this would have necessitated continuing the scheduled merits hearing. The time limitations of section 440.25 are directory, not mandatory. See Brown v. Pumpian, 504 So.2d 481 (Fla. 1st DCA 1987). See also Miller v. Oolite Industries, Inc., 336 So.2d 1152 (Fla.1976); Scottie-Craft Boat Corp. v. Smith, 336 So.2d 1150 (Fla.1976). They do not foreclose appointment of an EMA when the request is made with reasonable promptness after the conflict in the medical opinions become apparent.
We find that the cases cited by the claimant in which requests for appointment of an EMA have been found to be untimely are distinguishable on their facts.[1] We observe that if the claimant had attended the scheduled IME as the JCC ordered, the parties would have become aware of the conflict in the medical evidence and an EMA would have been appointed many months in advance of the scheduled final compensation hearing. Furthermore, the EMA's opinion, which is statutorily presumed to be correct, may have resolved the disputed issues prior to the scheduled hearing.
The JCC's order denying the E/C's request for appointment of an EMA and the ensuing compensation order are both REVERSED and the case is REMANDED to the JCC for further proceedings consistent with this opinion.
BARFIELD, KAHN, and HAWKES, JJ., CONCUR.
NOTES
[1] Arvida River Hills Country Club v. Van Slyke, 728 So.2d 1213 (Fla. 1st DCA 1999) (post-hearing request for appointment of EMA made nine days after rendition of the compensation award, when all the medical testimony was adduced in pretrial depositions); W.S. Badcock Corp. v. Knight, 720 So.2d 619 (Fla. 1st DCA 1998) (request made two days before the final hearing, nine months after the conflict in medical opinions became apparent); Walsdorf Sheet Metal Works, Inc. v. Gonzalez, 719 So.2d 355 (Fla. 1st DCA 1998) (request made at the conclusion of the merits hearing, after final argument, more than five months after the conflict in medical opinion became apparent).