872 So.2d 390 (2004)
Sandra CHAPMAN, Appellant/Cross-Appellee,
v.
NATIONSBANK and Royal & Sunalliance Insurance, Appellees/Cross-Appellants.
No. 1D02-4338.
District Court of Appeal of Florida, First District.
April 30, 2004.
*391 Randy Ellison, Jupiter, for Appellant/Cross-Appellee.
Joshua M. Levy, Bay Harbor Islands, for Appellees/Cross-Appellants.
ERVIN, J.
Claimant, Sandra Chapman, appeals from a final workers' compensation order denying her motion to appoint an expert medical advisor (EMA) pursuant to section 440.13(9), Florida Statutes (1997), and the employer/carrier (E/C), Nationsbank and Royal & Sunalliance Insurance, cross-appeals, urging that because the judge of compensation claims (JCC) decided that claimant had made a false, fraudulent or misleading statement for the purpose of obtaining benefits, in violation of section 440.105(4)(b), Florida Statutes (Supp.1998), the JCC erred in refusing to dismiss the entire claim, as required by section 440.09(4), Florida Statutes (Supp.1998). We reverse and remand as to the issues raised in both appeals.
Claimant, who had an extensive prior history of mental depression, was diagnosed in 1998 with carpal tunnel syndrome. The E/C accepted the condition as compensable and authorized treatment for it. One of her physicians, hand surgeon Michael Russin, opined that she was at *392 maximum medical improvement (MMI) on May 17, 1999, with a two percent permanent-impairment rating (PI) to her whole body. Another physician, orthopedist Kenneth Easterling, consulted by claimant for a second opinion, stated she was at MMI on May 17, 1999, with a five percent PI.
During the summer of 1998, following her employment injury, claimant resumed seeing a number of unauthorized mental consultants, including a psychotherapist and two psychiatrists, who were generally provided a complete history of her preexisting mental condition, and who diagnosed her with major depression. Thereafter, claimant obtained an independent medical examination (IME) with another psychiatrist, Dr. Gregg Friedman, who, based on an incomplete psychiatric history, diagnosed claimant with major depression, which he causally related to the carpal tunnel syndrome. After being advised of critical omissions in the material provided him, Dr. Friedman considered the new information and nonetheless replied that his original opinion remained unchanged. The E/C then obtained an IME of claimant with psychiatrist Neil Edison, who, after being informed of claimant's complete medical background, concluded that she suffered from major depressive disorder which was not causally related to the workplace injury. In his opinion, claimant's preexisting psychological illness was the major contributing cause (MCC) of her depression.
Because of the disagreement between physicians, first, as to the degree of claimant's anatomic impairment rating, and second, as to whether claimant's industrial injury was the MCC of her depressive condition, claimant filed motions for the appointment of an orthopedic EMA and a psychiatric EMA. The JCC denied both. As to the former, the JCC apparently based her rejection on the fact that Dr. Easterling, who opined a five percent impairment rating, was not a hand specialist, as was Dr. Russin, nor a treating physician, but he was rather consulted for a second opinion. The JCC's reason for denying the request for a psychiatric EMA was that she rejected Dr. Friedman's opinion of a causal relationship, because he had been furnished with an inaccurate history; therefore, his examination "at its worst [was] tainted, at its best it [was] completely unreliable." The JCC erred as to both conclusions.
Section 440.13(9) on its face clearly mandates the appointment of an EMA in situations in which a conflict occurs between expert medical opinions:
If there is disagreement in the opinions of the health care providers, if two health care providers disagree on medical evidence supporting the employee's complaints or the need for additional medical treatment, ... the division may, and the judge of compensation claims shall... order the injured employee to be evaluated by an expert medical advisor.
(Emphasis added.) The JCC does not have the authority to resolve conflicts between physician opinions once the claimant has requested an EMA. If there is conflict or contradiction on any material aspect of the experts' medical or psychological opinions, the JCC must appoint an EMA. See, e.g., Horticulture Plus, Inc. v. Ash, 791 So.2d 535 (Fla. 1st DCA 2001) (reversing denial of motion for EMA, for the reason that appointment of an EMA is mandatory when there are conflicting medical opinions regarding causation); City of Inverness v. Volmar, 768 So.2d 1253 (Fla. 1st DCA 2000) (reversing denial of motion for EMA, because the experts' testimony was contradictory on a material element).
*393 The disagreement in the opinions of the physicians as to the degree of orthopedic impairment is clearly established in the record. The reasons the JCC gave for declining to appoint an EMA to resolve the conflict are contrary to the statute's requirements. See Martinez v. Healthsouth Doctor's Hosp., 817 So.2d 1080, 1081 (Fla. 1st DCA 2002) (reversing denial of motion for EMA, observing: "The JCC's finding that there is no conflict in the medical testimony is unsupported by the record, which indicates clear disagreement regarding the fact of permanent impairment.").
Similarly, the denial of the request for a psychiatric EMA cannot be justified on the basis that the JCC disagreed with and rejected the contrary opinion of an expert. Regardless of the JCC's disbelief as to the value of his opinion, Dr. Friedman adamantly refused to alter that opinion after being apprised of the true nature of claimant's prior condition. As such, his evaluation, counterpoised with that of Dr. Edison, constituted by law a "disagreement in the opinions of the health care providers," dictating appointment of an EMA.
In its cross-appeal, the E/C asserts that the JCC erred in awarding claimant impairment benefits for her carpal tunnel syndrome, because once the JCC found that claimant had misrepresented her psychiatric condition, the provisions of section 440.09(4)[1] required her to dismiss the entire claim. It is not clear from our examination of the order whether the JCC found that claimant had violated section 440.105(4)(b).[2] In rejecting the E/C's fraud defense, the JCC commented "that even though misrepresentations may have been made relating to the psychiatric condition," such fact was irrelevant to claimant's right to receive impairment benefits. Earlier in her order rejecting Dr. Friedman's opinion of a causal connection, the JCC explained that she did so because claimant misled and misrepresented "various issues" during her examination.
When she decided this case, the JCC did not have the benefit of our opinion construing the statute in CDL v. Corea, 867 So.2d 639 (Fla. 1st DCA 2004) (observing that if claimant's false and misleading statements were made knowingly, he would forfeit his right to all benefits pursuant to section 440.09(4)). On remand, we direct the JCC to clarify, either on the record before her, or on the basis of additional evidence, if necessary, whether claimant knowingly or intentionally made false, incomplete or misleading statements concerning material facts for the purpose of obtaining benefits. If so, consistent with this court's decision in CDL, "the JCC should rule that the statements fall within the scope of section 440.105(4)(b)1." Id. at 640.
REVERSED and REMANDED.
BOOTH, J., and SMITH, Senior Judge, concur.
NOTES
[1] Section 440.09(4) provides in part:

An employee shall not be entitled to compensation or benefits under this chapter if any judge of compensation claims ... determines that the employee has knowingly engaged in any of the acts described in s. 440.105 for the purpose of securing workers' compensation benefits.
[2] Section 440.105(4)(b) 1. states it is unlawful for anyone "[t]o knowingly make, or cause to be made, any false, fraudulent, or misleading... statement for the purpose of obtaining ... any benefit or payment under this chapter."