BENTON, J.
At issue on this appeal is whether the judge of compensation claims properly awarded Teresa McGuire authorization for intradiscal electrothermal therapy without appointing a timely requested expert medical advisor to evaluate whether she needed such therapy. Drs. Maser and Trimble recommended the therapy, while Dr. Com-panioni, a board certified orthopedist, testified that the therapy was not curative or medically necessary. In reaching her decision, the judge of compensation claims rejected Dr. Companioni’s opinion and accepted Dr. Trimble’s and Dr. Maser’s.
The failure to appoint an expert medical advisor was error. See AT & T Wireless v. Frazier, 871 So.2d 939, 2004 WL 609298 (Fla. 1st DCA March 30, 2004) (“Section 440.13(9) imposes upon the JCC a statutory duty to order that the claimant be evaluated by an EMA before ruling on the merits of the petition for benefits whenever it becomes apparent that there is a substantial conflict in the medical opinions, even if the conflict in medical opinions becomes evident only after the merits hearing has begun, and even if neither party requests appointment of an EMA.”); Martinez v. HealthSouth Doctor’s Hosp., 817 So.2d 1080 (Fla. 1st DCA 2002); Helmsman Mgmt. Servs. v. Garner, 725 So.2d 1188 (Fla. 1st DCA 1998); Claims Mgmt., Inc. v. Lake, 717 So.2d 140 (Fla. 1st DCA 1998); Palm Springs Gen. Hosp. *1046 v. Cabrera, 698 So.2d 1352 (Fla. 1st DCA 1997). See also Broward Children's Ctr., Inc. v. Hall, 859 So.2d 623 (Fla. 1st DCA 2003); Siemens Info. & Communications Network v. Collins, 854 So.2d 271 (Fla. 1st DCA 2003). The conflict in medical opinion was material. It lay at the heart of the case.
Reversed and remanded.
BARFIELD, J., concurs; DAVIS, J., dissents with opinion.