PER CURIAM.
The claimant in this workers’ compensation appeal contends the Judge of Compensation Claims (JCC) erred in failing to appoint an expert medical advisor (EMA) to resolve the conflict in the opinions of claimant’s treating physician and claimant’s independent medical examiner (IME). The employer and the employer’s carrier concede the cause must be reversed and remanded for appointment of an EMA.
The claimant requested appointment of an EMA when it became apparent that the opinion of her IME conflicted with the opinion of her authorized treating physician. Section 440.13(9)(c), Florida Statutes (2001), “mandates the appointment of an EMA in situations in which a conflict occurs between expert medical opinions.” Chapman v. Nationsbank, 872 So.2d 390, 392 (Fla. 1st DCA 2004). In Chapman, we observed that “[t]he JCC does not have the authority to resolve conflicts between physician opinions once the claimant has requested an EMA.” See also Media Gen., Inc. v. McGuire, 871 So.2d 1045 (Fla. 1st DCA 2004); AT & T Wireless v. Frazier, 871 So.2d 939, 940 (Fla. 1st DCA 2004); Palm Springs Gen. Hosp. v. Cabrera, 698 So.2d 1352, 1354 (Fla. 1st DCA 1997).
Accordingly, we reverse the order denying claimant’s claim for temporary partial disability benefits and denying claimant’s request for appointment of an EMA, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ERVIN, PADOVANO and LEWIS, JJ., concur.