PER CURIAM.
 

 Claimant seeks review of the Judge of Compensation Claims’ (JCC) denial of benefits. Essentially, Claimant argues the JCC impermissibly rejected or ignored conflicting medical testimony to find there was no medical conflict, and after making this finding, compounded the error by denying Claimant’s request for an expert medical advisor (EMA). We reverse.
 

 Dr. Halim testified Claimant’s work accident was the major contributing cause of Claimant’s condition. Dr. Cauthen testified the condition was not caused by the work accident. Claimant moved for appointment of an EMA on the ground that the depositions of Drs. Halim and Cauthen showed disagreement as to whether the work accident caused Claimant’s condition. In response, the Employer/Carrier proffered a subsequent report from Dr. Halim wherein he stated the work accident was not the major contributing cause of the condition. Claimant objected to the report as hearsay, and the JCC did not accept the report as evidence.
 

 The JCC denied the motion for appointment of an EMA, finding there was no conflict in the expert medical opinions. In reaching this finding, the JCC relied on Dr. Halim’s report, not to prove the truth of the matter asserted, but to rebut the existence of a conflict. The JCC then denied all requested benefits, stating he based his decision solely on the doctors’ testimony.
 

 “[I]f two health care providers disagree on medical evidence supporting the employee’s complaints or the need for additional medical treatment, ... the JCC shall ... order the injured employee to be evaluated by an [EMA].” § 440.13(9)(c), Fla. Stat. (2002). “If there is conflict or contradiction on any material aspect of the experts’ medical or psychological opinions, the JCC
 
 must
 
 appoint an EMA.”
 
 Chapman v. Nationsbank,
 
 872 So.2d 390, 392 (Fla. 1st DCA 2004) (emphasis in original).
 

 Here, the doctors’ testimony clearly reveals a dispute as to causation. Dr. Hal-im’s report, if not taken as proving the truth of the matter asserted, does not eliminate the conflict. The JCC had no discretion to deny the motion for an EMA.
 
 See id.
 
 The JCC erred in ruling on the matter without the guidance of an EMA to resolve the conflict.
 

 REVERSED and REMANDED for proceedings consistent with this opinion.
 

 HAWKES, C.J., PADOVANO and ROBERTS, JJ., concur.