THOMAS, J.,
dissenting.
I dissent, because in this case of first impression the majority opinion incorrectly *227 denies a Spanish-speaking Claimant a medically necessary evaluation by a Spanish-speaking psychiatrist, a treatment which Claimant’s authorized treating neurologist specifically recommended that Claimant receive. No medical testimony supports the JCC’s view that the Spanish-speaking psychiatric evaluation is not medically necessary. In fact, as Claimant rightfully asserts, there is no contrary medical testimony at all on this point — the JCC simply rendered her own unqualified and unsubstantiated medical opinion, which is contrary to section 440.13(2)(a), Florida Statutes.
But the majority opinion disregards this lack of medical testimony to contradict the treating neurologist’s testimony, and Claimant’s testimony, that the presence of a non-psychiatric interpreter would interfere in the sensitive nature of the psychotherapist-patient relationship. In fact, the relationship between a patient and psychotherapist is so important that the Florida Legislature accords those communications an evidentiary privilege, provided in section 90.503, Florida Statutes. Furthermore, and perhaps even more significant, is the majority opinion’s adverse practical impact, although surely not its intent, which establishes a precedent by which Spanish-speaking employees can be required to accept a lesser standard of medical care in Florida than English-speaking employees, who could not be required to accept the presence of a third-party layperson during medically necessary, intimate psychotherapist-patient treatment sessions.
The majority’s holding requiring the participation of an interpreter in Claimant’s undisputedly necessary medical treatment is supported by neither chapter 440 nor case law. In fact, the very Florida Supreme Court opinion relied on by the majority rejects the majority’s view. See Wald v. Grainger, 64 So.3d 1201, 1205-06 (Fla.2011) (“[T]he jury’s ability to reject [expert] testimony must be based on some reasonable basis in the evidence.” (emphasis added)). Here, the JCC failed to give a “reason” for rejecting the neurologist’s un-rebutted testimony that Claimant needed an evaluation by a Spanish-speaking psychiatrist — the JCC simply disagreed with the conclusion, without evidentiary support of any kind, expert or lay.
In this regard, it must be noted that the majority opinion concludes on a contradictory basis that, because the JCC doubted Claimant’s testimony that he relies on Spanish to communicate, this was a “reasonable evidentiary basis — Claimant’s own testimony — on which to reject the doctor’s testimony as the need for a Spanish-speaking psychologist.” But if this were true, why have a translator at all? Either Claimant’s primary language is Spanish, or it isn’t. Obviously, the E/C and the JCC must have thought that Claimant’s primary language was Spanish, or a translator would not have even been considered. So, doubting this fact cannot be a basis for rejecting unrebutted expert medical testimony, if the very reason a translator was offered was in fact because Claimant’s primary language is indeed Spanish.
Thus, this case necessarily turns on the issue of whether a Spanish-speaking employee may be required to accept psychiatric evaluation by a non-Spanish speaking psychiatrist, against the medical opinion of a treating neurologist. The obvious answer in my view is no, because to do so is to deny medically necessary treatment in violation of Chapter 440.
The JCC is not permitted to disregard unrebutted medical testimony, without relying on some rationale evidence. See Vadala v. Polk Cnty. Sch. Bd., 822 So.2d 582, 584 (Fla. 1st DCA 2002). In addition, “when medical evidence ... is undisputed, *228 unimpeached, or not otherwise subject to question based on the other evidence presented at trial, the jury is not free to simply ignore or arbitrarily reject that evidence and render a verdict in conflict with it.” Grainger, 64 So.3d at 1205. See also Long v. Moore, 626 So.2d 1387, 1389 (Fla. 1st DCA 1993) (reversing judgment denying complaint for recission of contract based on mental incompetence and noting that “[t]he trial court should accept unre-butted expert testimony on highly technical matters, unless it is so palpably incredible, illogical and unreasonable as to be unworthy of belief or otherwise open to doubt from some reasonable point of view”). It is true that “when facts sought to be proved by expert testimony are within the ordinary experience of the fact-finder, or disputed by lay testimony, the conclusion to be drawn from the expert testimony will be left to the fact-finder.” Id. But it is not the case that translation from Spanish to English for purposes of psychiatric evaluations is within the ordinary experience of JCCs, who are not trained in medicine.
The Florida Legislature has unequivocally required that JCCs defer to medical testimony in resolving medical disputes. See §§ 440.13(9)(c) & 440.25(4)(d), Fla. Stat. Had the E/C provided any evidence of a conflict between medical experts, the JCC would not be authorized to simply choose which doctor to rely on, but must appoint an Expert Medical Advisor (“EMA”) to provide an opinion which is presumed correct. Romero v. JB Painting & Waterproofing, Inc., 38 So.3d 836, 838 (Fla. 1st DCA 2010) (“If there is a disagreement in the opinions of health care providers, the JCC shall appoint an EMA.” (emphasis added)). Here, there was not a conflict, thus, the JCC had no authority to reject the unrebutted testimony of Dr. Alves that Claimant required evaluation by a Spanish-speaking psychiatrist.
Section 440.13(2)(a), Florida Statutes (2011), requires that the employer furnish such medically necessary treatment, care, and attendance for such period as the nature of the injury or the process of recovery requires. “Medically necessary” means any medical service which is used to identify or treat an illness or injury, and is appropriate to the patient’s diagnosis and status of recovery. § 440.13(l)(i), Fla. Stat. (2011). The term treatment, although undefined in the Workers’ Compensation Act, is a “broad term covering all the steps taken to effect a cure of an injury or disease; including examination and diagnosis as well as application of remedies.” Nunez v. Pulte Homes, Inc., 985 So.2d 695, 696-97 (Fla. 1st DCA 2008) (quoting Black’s Law Dictionary) (emphasis in original). Further, this court has commented that chapter 440’s definition of “medical necessity” is broad, and could potentially include any medical service that is shown to be medically necessary. See Fla. Detroit Diesel v. Nathai, 28 So.3d 182, 185 (Fla. 1st DCA 2010) (summarily affirming JCC’s award of second opinion notwithstanding the absence of express right for same under chapter 440, by interpreting the statutory phrase “medically necessary” as broad phrase which “could potentially include ‘any’ medical service that is shown to be necessary”). Here, Dr. Alves’s opinion that the psychiatrist must be Spanish-speaking is unrefuted.
The JCC’s reason for rejecting Dr. Alves’s opinion that the psychiatrist must be Spanish-speaking is without a reasonable basis; the “reason” given — specifically that “[provision of an interpreter is sufficient to ensure that Claimant receives the care being recommended” — is really only mere contradiction, and is without evidentiary or rational foundation — which is the very type of fanciful factfinding that this court is established to guard against. *229 See Ullman v. City of Tampa Parks Dep’t, 625 So.2d 868, 873 (Fla. 1st DCA 1993) (en banc) (“The role of this court must be to guard against fanciful or arbitrary abuse of discretion in workers’ compensation cases_”). Here, whether we consider the issue on appeal as solely a matter of law, or a mixed question of law and fact, the JCC’s ruling is without foundation in law or fact, and is a perfect example of an “arbitrary abuse of discretion.” Id. Even applying a deferential standard of review, therefore, we should reverse.
The only medical evidence in the record — which the JCC gave no adequate reason to reject — is that a Spanish-speaking psychiatrist is medically necessary. Claimant is correct that the E/C is obligated to provide care for the compensable injury if that care is “medically necessary.” It follows that the JCC reversibly erred in not ordering the E/C to authorize a Spanish-speaking psychiatrist.
We should therefore reverse and remand with directions to enter an order granting Claimant’s petition for benefits and appointment of a Spanish-speaking psychiatrist, which may be one selected by the E/C.