890 So.2d 1128 (2004)
Robert A. LOMBARDI, Appellant,
v.
SOUTHERN WINE & SPIRITS and Fireman's Fund, Appellees.
No. 1D03-4061.
District Court of Appeal of Florida, First District.
November 30, 2004.
Rehearing Denied January 14, 2005.
David Rickey, Orlando and Bill McCabe, Longwood, for Appellant.
Doreen E. Lasch of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for Appellees.
KAHN, J.
May a claimant entitled to workers' compensation benefits under section 440.13, Florida Statutes (2001), receive a second medical opinion at the expense of the employer/carrier (E/C)? We hold that such an opinion may be required, contingent, however, upon an evidentiary showing that such is both reasonable and medically necessary. We reverse because the JCC denied the request below as a matter of law.
Claimant, Robert Lombardi, suffered a back injury in the course of his employment with Southern Wine and Spirits. The E/C accepted claimant's injury as compensable and provided initial treatment. Claimant subsequently filed a petition for benefits in which he sought a second medical opinion at the E/C's expense. In response, the E/C filed a motion for summary order asserting that claimant was not entitled to a second opinion at the E/C's expense because the E/C *1129 did not participate in a managed care arrangement at the time of claimant's accident. The E/C argued a second opinion is authorized only under section 440.134, Florida Statutes, which governs the provision of benefits under a managed care arrangement. The E/C sought dismissal because section 440.13, Florida Statutes, which controls medical benefits outside managed care arrangements, authorizes only the provision of an independent medical examination (IME). The JCC agreed with the E/C's argument and dismissed claimant's petition concluding, as a matter of law, that a claimant can never obtain a second opinion at E/C expense under section 440.13.
The question presented is one of statutory interpretation. Thus, we apply the de novo standard of review. See Socolow v. Flanigans Enters., 877 So.2d 742, 743 (Fla. 1st DCA 2004). We reject the E/C's contention that a claimant seeking a second medical opinion is limited to obtaining an IME under section 440.13(5), Florida Statutes. We reach this conclusion because we cannot categorically rule out instances where a second medical opinion would constitute "medically necessary remedial treatment, care, and attendance" under section 440.13(2)(a).
The E/C in this case offered claimant an IME in lieu of authorizing a second medical opinion. The E/C's offer, however, assumed no distinction between an IME and a second medical opinion. We have long recognized that an IME is a means of obtaining expert medical testimony. See, e.g., Reed v. Reed, 643 So.2d 1180, 1182 (Fla. 1st DCA 1994) ("By granting the party seeking the IME the choice of selecting the examining physicians, [section 440.13] effectively recognizes that such physicians are essentially expert witnesses of the party requesting the examinations."); Adelman Steel Corp. v. Winter, 610 So.2d 494, 505 (Fla. 1st DCA 1992) ("[A] physician performing an independent medical examination (IME) in workers' compensation cases is essentially an expert witness for the party requesting the examination."). Although an IME may ultimately assist a claimant in securing necessary medical treatment, it is not, in and of itself, a form of medical treatment. Our conclusion is bolstered by the language of section 440.13(5)(a), Florida Statutes (2001), which authorizes the selection of an independent medical examiner to assist in the resolution of "any dispute concerning overutilization, medical benefits, compensability, or disability." Thus, while an IME is useful in resolving disputes, it does not fall under the "medically necessary remedial treatment, care, and attendance" that an E/C must furnish under section 440.13(2)(a).
On the other hand, occasions may arise where the "nature of the injury or the process of recovery" renders a second medical opinion medically necessary as contemplated by section 440.13(2)(a). Section 440.13(1)(m) defines "medically necessary" as:
[A]ny medical service or medical supply which is used to identify or treat an illness or injury, is appropriate to the patient's diagnosis and status of recovery, and is consistent with the location of service, the level of care provided, and applicable practice parameters.
We do not read section 440.13 as evincing a legislative intent to deny a claimant the opportunity to demonstrate the medical necessity of a second opinion. We are unable to define in advance the universe of possible situations where a second opinion would be medically necessary. We do, however, conclude that the claimant's request for a second opinion presents a question of fact, similar to any other request under section 440.13(2)(a), Florida Statutes. *1130 The JCC must resolve such questions after an evidentiary hearing where claimant will bear the burden of demonstrating entitlement. See Robinson v. Shands Teaching Hosp., 625 So.2d 21, 23 (Fla. 1st DCA 1993) (finding that it is "incumbent upon claimant to establish" the medical necessity of treatment denied by the E/C); Polk County Bd. of Comm'rs v. Varnado, 576 So.2d 833, 837 (Fla. 1st DCA 1991) ("The initial inquiry in determining the validity of an award of benefits pursuant to section 440.13(2)(a), Florida Statutes, is the employee's medical need for the benefit.").
Accordingly, we REVERSE and REMAND for further proceedings.
WEBSTER, and POLSTON, JJ., CONCUR.