VAN NORTWICK, J.
In this workers’ compensation appeal, Kurt Ficocelli, Sr., the claimant below, appeals an order of the Judge of Compensation Claims (JCC) determining that his employer, Just Overlay, Inc., appellee, was not engaged in the construction industry and that, since Just Overlay did not employ four or more employees, it was not required to provide workers’ compensation coverage for Ficocelli. Because we conclude that the business activities of Just Overlay were within the “construction industry” as defined in section 440.02(8), Florida Statutes (2004), and the rule promulgated thereunder, we hold that the ap-pellee was required to comply with the workers’ compensation law. Accordingly, we reverse and remand for further proceedings.
On the date of his accident, Ficocelli was working on the roof of a hanger at the Clearwater/St. Petersburg Airport applying white sealant coating to the roof. He stepped backwards onto a translucent panel which gave way under his weight. He fell approximately thirty-five to forty feet to the concrete hangar floor below, suffering serious injuries. At the time, Just Overlay performed work at airports in Florida and south Georgia. The work included resealing and restriping tarmacs; sealing and coating roofs on hangers; re *1232 pairing leaks in those roofs, which at times required replacing part of the roof structure; pressure washing hangers; and cleaning up debris. On occasion, Just Overlay’s employees installed ceiling tiles.
Under section 440.09(1), Florida Statutes (2004), “[t]he employer must pay compensation or furnish benefits required by this chapter if the employee suffers an accidental compensable injury or death arising out of work performed in the course and scope of employment.” Section 440.02 defines “employment” for the purposes of chapter 440 as including “all private employments in which four or more employees are employed by the same employer or, with respect to the construction industry, all private employment in which one or more employees are employed by the same employer.” See § 440.02(17)(b)2, Fla. Stat. (2004). It is undisputed that Just Overlay employed fewer than four employees. Therefore, for Just Overlay to be subject to the workers’ compensation law, it must be engaged in business activities in the construction industry.
Section 440.02(8) defines “construction industry” as follows:
“Construction industry” means for-profit activities involving any building, clearing, filling, excavation, or a substantial improvement in the size or use of any structure or the appearance of any land. However, “construction” does not mean a homeowner’s act of construction or the result of a construction upon his or her own premises, provided such premises are not intended to be sold, resold, or leased by the owner within one year after the commencement of construction. The Division may, by rule, establish standard industrial classification codes and definitions thereof which meet the criteria of the term “construction industry” as set forth in this section.
Pursuant to the authority provided by section 440.02(8), the Division of Workers’ Compensation of the Department of Financial Services has adopted a rule that establishes industrial classification codes for businesses within the “construction industry” as defined by section 440.02(8). Florida Administrative Code Rule 69L-6.021, governing construction industry classification codes, provides, in pertinent part, as follows:
69L-6.021 Construction Industry Classification Codes, Descriptions, and Operations Scope of Exemption
(1) The Division adopts the classification codes and descriptions that are specified in the Florida Contracting Classification Premium Adjustment Program, and published in the Florida exception pages of the National Council on Compensation Insurance, Inc. (NCCI), Basic Manual (October 2005 ed.). For convenience, the Division lists here the classification codes and descriptions that are published in the Florida exception pages of the Basic Manual and adopted in this rule.
* * *
(ii) 5474 Painting or Paperhanging NOC and Shop Operations, Drivers.
* * *
(jj) 5478 Carpet, Linoleum, Vinyl, Asphalt, or Rubber Floor Tile Installation.
* * *
(tt) 5538 Sheet Metal Work — Shop and Outside — NOC and Drivers.[1]
The JCC concluded that Just Overlay made only “minor” repairs to facilities and, therefore, ruled that its activities did not *1233 fall within the definition of “construction industry.” We respectfully disagree. Because the pertinent facts in this case are not in dispute, and the issue is the interpretation to be given to the statutory definition of “construction industry,” our review is de novo. Lombardi v. Southern Wine & Spirits, 890 So.2d 1128, 1129 (Fla. 1st DCA 2004).
Section 440.02(17)(b)2, a numerical-minimum exemption statute, was undoubtedly enacted to avoid administrative inconvenience to small employers. See 4 Arthur Larson & Lex K Larson, Larson’s Workers’ Compensation Law, chapter 74 (2005 ed.). However, in 1989, the legislature extended coverage to employees of construction industry employers who employ one or more employees. We agree with Ficocelli that this change was made to ensure that workers performing inherently dangerous work in the construction industry would be covered, even when they are working for small employers who employ only a few employees.
Turning to the statutory definition of “construction industry,” the legislature has defined the term broadly to include, in pertinent part, “activities involving any building, clearing, filling, excavation, or a substantial improvement in the ... use of any structure.” § 440.02(8), Fla. Stat. (2004)(emphasis added). Because the definition uses the disjunctive “or,” for activities to satisfy this definition it is not necessary that the construction-related activity substantially improve the use of the subject structure. It is sufficient if the activities constitute “building, clearing, filling, [or] excavation.” Id. Here, the nature of Just Overlay’s business is clearly within the type of “building” activities traditionally included in the construction industry. Further, while the work of Just Overlay did not improve the size of the airport hangers, where the work performed by Just Overlay repaired or sealed the roofs of airport hangers, Just Overlay’s activities did result in substantial improvement in the use of those hangers as contemplated by section 440.02(8). The repairs and sealing of the roof were necessary to permit the airport hangers to continue to function as storage facilities that protect aircraft and other equipment from the elements.
Further, we find useful the industrial classification codes adopted by the Division. Under the pertinent standard industrial classification codes in rule 69L-6.021(1), painting, application of vinyl and asphalt, tile installation, and sheet metal work all constitute work which is included within the construction industry. The activities of Just Overlay are analogous to work performed in these classification codes and, thus, are no less within the construction industry as defined.
REVERSED and REMANDED for further proceedings consistent with this opinion.
KAHN, C.J., and ERVIN, J., concur.

. NOC means "not otherwise classified,” meaning that no other classification code more specifically describes the business activity.