985 So.2d 695 (2008)
Jose L. NUNEZ, Appellant,
v.
PULTE HOMES, INC. and Gallagher Bassett, Appellees.
No. 1D07-4340.
District Court of Appeal of Florida, First District.
July 7, 2008.
Martha D. Fornaris, Coral Gables, and Bill McCabe, Longwood, for Appellant.
Cindy R. Galen, of Eraclides, Johns, Hall, Gelman, Johanessen & Kempner, L.L.P., Sarasota, for Appellees.
PER CURIAM.
Appellant challenges the order of the Judge of Compensation Claims determining that he is not entitled to a one-time change in physician pursuant to section 440.13(2)(f), Florida Statutes (2006). For the reasons discussed below, we reverse.

I. Background
On March 31, 2006, the appellant was involved in a compensable work accident in which he injured his back. The appellant came under the care of Dr. John Wilson, a neurologist. Dr. Wilson prescribed medications and recommended appellant begin massage and physical therapy. In July of 2006, appellant returned to Dr. Wilson complaining that he was in severe pain. Appellant requested a neurosurgical evaluation because of the severity of the pain and the poor response to the prior treatments. Dr. Wilson complied with appellant's request and referred appellant for a neurosurgical evaluation with Dr. Lusk, despite his belief that the clinical findings and the MRI did not appear to support surgical intervention. The appellant was seen twice by Dr. Lusk, who ordered another *696 MRI. Dr. Lusk found no problems or anatomical reasons to justify appellant's pain complaints or to explain his condition. Dr. Lusk concluded that surgery was not warranted.
Appellant filed a petition for benefits seeking authorization for evaluation and treatment with an alternate neurosurgeon pursuant to section 440.13(2)(f), Florida Statutes (2006). The appellant, who speaks Spanish, asserted he was dissatisfied with Dr. Lusk's treatment because he was unable to properly communicate with Dr. Lusk. The JCC denied the request, concluding the appellant was not entitled to a one-time change in physician because "Dr. Lusk's involvement was strictly for the purpose of providing a neurosurgical evaluation and recommendation as requested by Dr. Wilson."

II. Analysis
The appellant asserts an entitlement to a new neurosurgeon (rather than Dr. Lusk) pursuant to section 440.13(2)(f), Florida Statutes (2006). That section states:
Upon the written request of the employee, the carrier shall give the employee the opportunity for one change of physician during the course of treatment for any one accident. Upon the granting of a change of physician, the originally authorized physician in the same specialty as the changed physician shall become deauthorized upon written notification by the employer or carrier. The carrier shall authorize an alternative physician who shall not be professionally affiliated with the previous physician within 5 days after receipt of the request. If the carrier fails to provide a change of physician as requested by the employee, the employee may select the physician and such physician shall be considered authorized if the treatment being provided is compensable and medically necessary.
Id. (Emphasis added).
The E/C, relying on Butler v. Bay Center/Chubb Insurance Co., 947 So.2d 570 (Fla. 1st DCA 2006), asserts that, although section 440.13(2)(f) gives appellant a right to a one-time change in treating physician regardless of medical necessity, in order for appellant to be entitled to an automatic change in physician pursuant to that section, appellant must have begun treatment with the physician from whom the change is requested. In Butler, a claimant filed a PFB seeking treatment from a specified pain management physician. The E/C timely authorized a different pain management physician and scheduled an appointment on claimant's behalf, which claimant refused to attend. Id. at 571. One of the issues in the case was whether a claimant could request a one-time change in her treating physician without first being treated by the authorized physician. Id. at 572. The Butler court held that before a claimant's right to a one-time change in physician arises, the claimant must have begun treatment with that physician. Id. at 573. The court reasoned: "The legislature's use of the language `change ... during the course of treatment' clearly indicates a claimant must be currently receiving treatment by a physician before she may request a `change.'" Id. at 573.
Unlike the claimant in Butler, in this case the appellant was actually seen twice by Dr. Lusk, who ordered an MRI to determine whether surgery was needed. Further, Dr. Wilson testified that he took into account Dr. Lusk's report when providing ongoing care and treatment to the claimant, and would have recommended surgery if Dr. Lusk had done so. Although Dr. Lusk never undertook surgery, there are instances when an evaluation alone is considered "treatment." Cf. Lombardi *697 v. S. Wine and Spirits, 890 So.2d 1128 (Fla. 1st DCA 2004) (noting that a second medical opinion can constitute medically necessary treatment); Robinson v. Howard Hall Co., 219 So.2d 688 (Fla.1969) (noting that a preliminary examination may be necessary for purposes of treatment). Although the term "treatment" is not defined in the workers' compensation statutes, Black's Law Dictionary defines it as: "A broad term covering all the steps taken to effect a cure of an injury or disease; including examination and diagnosis as well as application of remedies." Black's Law Dictionary 1502 (6th ed.1990) (emphasis added). In this case, the referral to Dr. Lusk and the resulting examination of the appellant (which included review of an MRI and a diagnosis) was for the purpose of determining if surgery was warranted to treat appellant's condition. This was not a case where Dr. Lusk performed an independent medical examination (IME), which is performed solely for the purpose of solving a dispute between the E/C and the claimant. See Lombardi, 890 So.2d at 1129 ("Although an IME may ultimately assist a claimant in securing necessary medical treatment, it is not, in and of itself, a form of medical treatment."); Tomaskovich v. Lapointe, 904 So.2d 538 (Fla. 1st DCA 2005) (holding that an IME does not constitute medical treatment). Thus, Dr. Lusk's evaluation and diagnosis of appellant constitutes treatment. Because Dr. Lusk evaluated appellant "during the course of treatment," the appellant was entitled to a one-time change of physician as a matter of law.[1] § 440.13(2)(f), Fla. Stat. (2006).

III. Conclusion
For the foregoing reasons, we remand for the JCC to allow appellant to choose an alternative neurosurgeon to provide any neurosurgical treatment that is medically necessary and reasonable. See § 440.13(2)(f) (if E/C fails to authorize alternative physician within 5 days of receipt of request, employee may select physician and such physician will be deemed authorized to provide compensable and medically necessary treatment). Because the JCC erred in denying appellant's request for a one time change in physician, the JCC has also erred in denying appellant's claim for attorney's fees and costs for securing that benefit. See § 440.34, Florida Statutes (2006).
REVERSED and REMANDED with directions.
DAVIS, VAN NORTWICK, and POLSTON, JJ., concur.
NOTES
[1] The appellant has not yet exercised his one-time right to a change in physician.