990 So.2d 1224 (2008)
PROVIDENCE PROPERTY AND CASUALTY and Certified HR Services, Appellants,
v.
Michael WILSON, Appellee.
No. 1D07-3802.
District Court of Appeal of Florida, First District.
September 23, 2008.
William H. Rogner of Hurley, Rogner, Miller, Cox & Waranch, P.A., Winter Park, for Appellants.
Basil A. Valdivia, Orlando, and Bill McCabe, Longwood, for Appellee.
PER CURIAM.
In this workers' compensation appeal, we address the issue of a claimant's entitlement to a one-time change in physician, which pursuant to section 440.13(2)(f), Florida Statutes (2005), must be sought during the course of treatment. For the *1225 reasons explained below, we affirm the Judge of Compensation Claims' (JCC) award of a one-time change in physician.

Factual Background
Claimant suffered a compensable back injury on August 26, 2005, and the employer/carrier (E/C) authorized treatment at the Medero Clinic. Claimant went to this clinic five times. During this period he was treated by a physician's assistant under the supervision of Dr. Demmi, and was also evaluated and treated by Dr. Grant. After the last office visit on November 28, 2005, Dr. Grant prepared an office note indicating Claimant sustained a low back strain, for which he was treated at the clinic, and was being discharged and released to full duty with no restrictions. The doctor also indicated that "[n]o future treatment is anticipated for this patient."
When Claimant attempted to obtain additional treatment at the clinic approximately one year later, he was told that his case had been closed, and he was no longer entitled to care under workers' compensation. Claimant then sought a one-time change in physician pursuant to section 440.13(2)(f), Florida Statutes.
The E/C argued Claimant was not entitled to this one-time change on two grounds: 1) Pursuant to Dr. Demmi's testimony and Dr. Grant's office note, the compensable accident was no longer the major contributing cause (MCC) of Claimant's need for treatment of his back; and 2) Claimant was no longer in the "course of treatment" at the time he made his request, and thus failed to satisfy this statutory requirement.
Ultimately, the JCC interpreted section 440.13(2)(f), Florida Statutes, as permitting a claimant an absolute right to a one-time change in treating physician, if the claimant's written request was made during the course of treatment. We agree.

Analysis
Section 440.13(2)(f), in relevant part, provides:
Upon the written request of the employee, the carrier shall give the employee the opportunity for one change of physician during the course of treatment for any one accident.... The carrier shall authorize an alternative physician who shall not be professionally affiliated with the previous physician within 5 days after receipt of the request. If the carrier fails to provide a change of physician as requested by the employee, the employee may select the physician and such physician shall be considered authorized if the treatment being provided is compensable and medically necessary.
(Emphasis added).
In construing a statute, courts must look to its plain language. See Fla. Dep't of Educ. v. Cooper, 858 So.2d 394, 395 (Fla. 1st DCA 2003). The use of the word "shall" in the quoted portion of section 440.13(2)(f) means that this one-time change is mandatory, regardless of whether the initial authorized doctor opines that a compensable accident is no longer the MCC of a claimant's need for treatment. It is also mandatory regardless of an E/C's position as to the necessity of either the change in physician, or the treatment proposed and/or rendered by the new physician. The statute affords E/Cs the opportunity to retain control over the choice of authorized doctor if they timely authorize a claimant's request for a change. E/Cs failing to do so forfeit this control. However, if, after authorizing the one-time change, the E/C are still of the opinion that the treatment recommended or provided is unnecessary, or is unrelated to the industrial accident, the E/C can deny authorization for such treatment pending resolution of the issue by the JCC.
*1226 In interpreting a prior, but similar, version of section 440.13(2)(f), this court stated that, after an employer has authorized a medical provider to evaluate and treat a claimant, "the employee may request a one-time change of physician. In that case, the employer must offer a choice of at least three alternative physicians." See St. Augustine Marine Canvas & Upholstery, Inc. v. Lunsford, 917 So.2d 280, 283 (Fla. 1st DCA 2005) (emphasis added). While the statute no longer requires an employer to offer a list of three alternative physicians, it does require an employer to offer an alternative physician upon a claimant's written request.
We have also addressed the question of what constitutes treatment, and the phrase "during the course of treatment," in two recent opinions. See Butler v. Bay Center/Chubb Ins. Co., 947 So.2d 570, 573 (Fla. 1st DCA 2006); Nunez v. Pulte Homes, Inc., 985 So.2d 695 (Fla. 1st DCA 2008).
In Butler, the claimant's authorized treating doctor recommended that she receive pain management treatment. The claimant filed a petition for benefits seeking such treatment with a specific doctor. The E/C authorized the treatment, but with a doctor different than the one the claimant requested. The claimant refused to see this doctor, and asked for a one-time change in physician. Butler, 947 So.2d at 571-72. The JCC found that the claimant was not entitled to this one-time change because she had not received any treatment from the physician timely authorized by the E/C. We affirmed the JCC's ruling. Id. at 572.
In so doing, we pointed out that the "legislature's use of the language `change... during the course of treatment' clearly indicates a claimant must be currently receiving treatment by a physician before she may request" a change in physician. Id. at 573. Because the claimant in Butler never attended the initial appointment with the timely authorized physician, she "could not `change' that physician because she was never treated by that physician." Id.
Here, the E/C seize on our statement in Butler that, to be entitled to a change in physician, "a claimant must be currently receiving treatment by a physician ...," and argue that, because Claimant had been discharged from treatment by his initially authorized physician and waited nearly one year before seeking additional treatment, Claimant failed to satisfy this requirement. We disagree.
In Nunez, the claimant's authorized treating doctor consented to the claimant's request for a neurosurgical evaluation, and referred the claimant to a neurosurgeon. The E/C authorized this, and the claimant saw the neurosurgeon twice. The neurosurgeon found no problems or anatomical reasons to justify claimant's pain complaints, and the MRI he reviewed led the doctor to opine that no surgery was necessary. The claimant then asked for a one-time change in neurosurgeon. Nunez, 985 So.2d at 695-96. This court found that, although the doctor did not perform or recommend surgery, he saw the claimant on two occasions, performed an evaluation, and rendered a diagnosis. This was sufficient to constitute "treatment," and because the neurosurgeon evaluated the claimant "during the course of treatment," the claimant was entitled, "as a matter of law," to the one-time change provided by section 440.13(2)(f). Id. at 697.
Similarly, in the instant case, Claimant began treatment with an authorized physician, and that physician evaluated Claimant and rendered a diagnosis during the course of that treatment. Consequently, as a matter of law, Claimant was entitled to a one-time change in physician *1227 pursuant to section 440.13(2)(f). That the originally authorized physician ultimately discharged Claimant from his care is irrelevant.
AFFIRMED.
ALLEN, DAVIS and BENTON, JJ., concur.