991 So.2d 429 (2008)
PROTOCOL COMMUNICATIONS, INC. and CNA Claimplus, Appellant,
v.
Lenore Berry ANDREWS, Appellee.
No. 1D07-2957.
District Court of Appeal of Florida, First District.
September 26, 2008.
Cindy R. Galen, of Eraclides, Johns, Hall, Gelman, Johannessen & Kempner, L.L.P., Sarasota, for Appellant.
John P. Brooks, Orlando, and Bill McCabe, of Shepherd, McCabe & Cooley, Longwood, for Appellee.
*430 ALLEN, J.
The employer challenges a workers' compensation order by which medical and temporary disability benefits were awarded. Among other issues, the employer asserts that medical care should not have been awarded with a doctor who was designated for the claimant's independent medical examination. However, the employer did not contest that designation and the doctor's care was properly awarded under sections 440.13(5)(a) and 440.13(2)(c), Florida Statutes.
As found by the judge of compensation claims, the claimant sustained a compensable injury upon being exposed to chemical fumes in the workplace. The employer initially accepted compensability and provided benefits, including medical care. But the employer thereafter discontinued such benefits, including medical, while maintaining that all appropriate benefits had been provided. Despite the claimant's continued and repeated requests for further medical care, the employer did not furnish other medical and the claimant then obtained such care on her own. The doctor who was thereafter treating her was eventually designated by the claimant as her independent medical examiner, and in that capacity was allowed to testify at a hearing on a claim for additional benefits. An expert medical advisor also testified at the hearing, and those doctors indicated that the claimant's ongoing problems were related to the industrial injury and required further medical care. The judge accepted that evidence and awarded such care with the treating doctor who had been designated for the independent medical examination.
Referring to section 440.13(5)(a), the employer contends that when the treating doctor was designated for the examination he could no longer provide treatment. In particular, the employer relies on one sentence in the statute which states that "The independent medical examiner may not provide followup care...." That language was inserted into the statute by an amendment which also made other changes, including a revision to earlier language which had unequivocally allowed a treating doctor to be an independent medical examiner. See ch. 2003-412, § 15, Laws of Florida. And the prohibition against followup care was accompanied by language qualifying the earlier provision, so that the statute now also states that "If the parties agree, the examiner may be a health care provider treating or providing other care...." This language must be read together with the more general prohibition against followup care, so that where the parties agree to a treating doctor being the examiner that doctor's prior and continuing treatment may be awarded if found to be reasonable and necessary, and otherwise properly awardable.
Although the employer did not expressly agree to the designation of the treating doctor as the claimant's independent medical examiner, the employer was aware of and did not challenge or otherwise contest that status. Such tacit agreement is sufficient to bring the doctor within the provisions of section 440.13(5)(a), which allow the doctor to also provide treatment.
Furthermore, as the judge found in awarding such care, the employer was not furnishing the necessary treatment under section 440.13(2) and the claimant was entitled to obtain the medical care on her own in accordance with section 440.13(2)(c). The subsequent designation of that doctor as the claimant's independent medical examiner, whereby his testimony could be presented at the hearing, does not negate his status as the treating doctor. As indicated in cases such as Nunez v. Pulte Homes, Inc., 985 So.2d 695 *431 (Fla. 1st DCA 2008), while treatment generally involves the provision of care for an injury or disease, an independent medical examination is typically performed for the purpose of resolving a dispute between the employer and the claimant. In the circumstances here the doctor properly served in both capacities, and the employer has shown no error in the award for the doctor's prior and continuing treatment.
The appealed order is affirmed.
BROWNING, C.J., and BENTON, J., concur.