VAN NORTWICK, J.
 

 Stephanie Brown, Claimant, seeks reversal of an order of the Judge of Compen
 
 *573
 
 sation Claims (JCC) denying her motion to appoint an expert medical advisor (EMA) and denying her request for a methacho-line bronchoprovocation study. Because the opinions of the medical experts were in conflict, the JCC was obligated to appoint an EMA pursuant to section 440.13(9)(c), Florida Statutes (2000). Accordingly, we reverse both issues on appeal and remand for further proceedings.
 

 Section 440.13(9)(c) is mandatory. It requires the appointment of an EMA before the merits of the claim can be addressed when there is a conflict in the opinions of authorized treating doctors or independent medical examination (IME) physicians.
 
 See Palm Springs Gen. Hosp. v. Cabrera,
 
 698 So.2d 1352, 1353 (Fla. 1st DCA 1997). “The JCC does not have the authority to resolve conflicts between physician opinions once the claimant has requested an EMA.”
 
 Chapman v. Nationsbank,
 
 872 So.2d 390, 392 (Fla. 1st DCA 2004).
 

 Here, Dr. Goldstein, Claimant’s treating pulmonologist, testified that Claimant remained in need of ongoing treatment, and her exposure to construction dust remained the major contributing cause of her need for treatment. Dr. Goldstein’s opinion did not change after he was presented with Claimant’s various complaints voiced during pre-December 4, 2000, emergency room visits. In contrast, the Employer/Carrier’s IME, Dr. Feingold, also a pulmonologist, testified that Claimant’s occupational exposure resulted in respiratory irritation, but did not result in significant disease or permanent injury, and her symptoms should have disappeared after one to two months.
 

 At the final hearing, the JCC heard testimony, reviewed the depositions of Drs. Goldstein and Feingold, and concluded that Dr. Goldstein’s opinion did “not accord with logic or reason.” Conversely, the JCC found Dr. Feingold’s opinion “persuasive, substantive, objective, consonant with logic and reason.” The JCC erred in failing to grant Claimant’s motion to appoint an EMA once the conflict was established by the deposition testimony of the experts. As this court found in
 
 Chapman,
 
 the denial of an EMA evaluation “cannot be justified on the basis that the JCC disagreed with and rejected the contrary opinion of an expert.” 872 So.2d at 393.
 

 Further,
 
 Dawson v. Clerk of Circuit Court-Hillsborough County,
 
 991 So.2d 407, 411 (Fla. 1st DCA 2008), filed as supplemental authority and argued by the Employer/Carrier at oral argument, does not provide support for affirming the JCC’s order. In
 
 Dawson,
 
 we reversed the JCC’s appointment of an EMA with respect to the claimant’s left shoulder injury because the orthopedic surgeon who provided the medical opinion asserted to be in conflict “was not authorized to treat [cjlaimant’s shoulder, ... did not examine her shoulder, and ... did not review any diagnostic studies or medical records pertaining to her shoulder other than a letter from [cjlaimant’s previous doctor ... noting her complaints of shoulder pain.”
 
 Id.
 
 Thus, the physician’s opinion “was insufficient to create a conflict of opinion triggering the necessity of an expert medical advisor.”
 
 Id.
 
 Here, Dr. Goldstein treated and examined Claimant. His opinion is sufficient to create a conflict. Because the JCC erred by not appointing an EMA, he also erred in denying the methacholine bronchoprovocation study.
 

 REVERSED and REMANDED for appointment of an EMA and further proceedings consistent with this opinion.
 

 ALLEN and ROBERTS, JJ., concur.