PER CURIAM.
 

 Claimant challenges an order of the Judge of Compensation Claims (JCC) denying her request for a “one-time change” of orthopedist and her claim for temporary partial disability (TPD) benefits through the date of the final hearing. Because competent substantial evidence supports the JCC’s denial of TPD benefits, we affirm on this issue. The JCC erred as a matter of law and fact, however, by denying Claimant’s request for a change in physician. Accordingly, we reverse on this issue.
 

 On February 20, 2007, Claimant suffered injuries to her shoulder and back. The employer/earrier (E/C) provided treatment, and Claimant was eventually referred to Dr. Lowell, an authorized orthopedic physician. On October 9, 2008, Claimant filed a formal grievance form with the E/C requesting, in part, authorization for a change of orthopedist because she was dissatisfied with Dr. Lowell. On October 14, 2008, counsel for the E/C sent Claimant a letter agreeing to authorize a new orthopedist. Specifically, the letter stated in full:
 

 The [E/C] is in receipt of your Grievance regarding [Amanda Harrell]. They have agreed to authorize a one-time
 
 *677
 
 change of orthopedic doctors. They are in the [process] of scheduling that appointment and you will be advised of the date and time of the appointment under separate cover. If you have any questions, please do not hesitate to contact me.
 

 Subsequently, on October 28, 2008, the E/C sent a second letter to Claimant advising Claimant of her appointment with Dr. Parr on November 14, 2008.
 

 On November 19, 2008, Claimant filed a petition for benefits seeking, in part, authorization of Dr. Simon based on the E/C’s failure to timely authorize a new orthopedic physician. The E/C defended against the claim by arguing it sent a timely letter to Claimant authorizing Claimant’s request for a “one-time change” in orthopedist.
 

 In an order dated June 4, 2009, the JCC denied Claimant’s request for a change in orthopedic physician, finding the industrial accident was not the major contributing cause (MCC) of Claimant’s symptoms. Section 440.13(2)(f), Florida Statutes (2006), provides in pertinent part:
 

 Upon the written request of the employee, the carrier shall give the employee the opportunity for one change of physician during the course of treatment for any one accident.... The carrier shall authorize an alternative physician who shall not be professionally affiliated with the previous physician within 5 days after receipt of the request. If the carrier fails to provide a change of physician as requested by the employee, the employee may select the physician and such physician shall be considered authorized if the treatment being provided is com-pensable and medically necessary.
 

 We have previously held that “the use of the word ‘shall’ in ... section 440.13(2)(f) means that this one-time change is mandatory, regardless of whether the initial authorized doctor opines that a compensable accident is no longer the MCC of a claimant’s need for treatment.”
 
 Providence Prop. & Cas. v. Wilson,
 
 990 So.2d 1224, 1225 (Fla. 1st DCA 2008). Likewise, this change is mandatory “regardless of the E/C’s position as to either the change of physician or the new physician’s treatment.”
 
 Dawson v. Clerk of Circuit Court-Hillsborough County,
 
 991 So.2d 407, 409 (Fla. 1st DCA 2008). Accordingly, the JCC erred in denying Claimant’s request for a change of orthopedic physicians based on the finding that the work-related accident was not the MCC of Claimant’s need for treatment.
 

 In the order, the JCC made factual findings regarding the E/C’s purported authorization for a change in orthopedic physicians. Specifically, the JCC found “Claimant requested authorization for a change in orthopedics on October 9, 2008,” and that the E/C “advised Claimant’s counsel on October 14, 2008, that Dr. Parr was being provided as Claimant’s one-time change in physicians.” No competent substantial evidence supports this latter finding.
 

 The E/C’s October 14, 2008, letter, quoted above, makes no mention of Dr. Parr or any other physician authorized to treat Claimant. Rather, the letter simply states that the E/C “agreed to authorize a one-time change of orthopedic doctors.” The record demonstrates Claimant was not advised of Dr. Parr’s authorization until October 28, 2008 — nineteen days after Claimant’s October 9th written request. Because the E/C failed to authorize a new physician within five days of Claimant’s written request, the E/C failed to comply with the requirements of section 440.13(2)(f).
 

 Section 440.13(2)(f), Florida Statutes (2006), specifically states that “[t]he
 
 *678
 
 carrier shall authorize
 
 an alternative physician
 
 who shall not be professionally affiliated with the previous physician within 5 days after receipt of the request.” (emphasis added). To timely respond to a claimant’s request, an E/C is not required to schedule an appointment with the newly authorized physician.
 
 See Dorsch v. Hunt,
 
 15 So.3d 836 (Fla. 1st DCA 2009) (explaining E/C is not required to actually schedule an appointment to comply with its statutory duty to furnish medical treatment at claimant’s request). Based on a plain reading of the statute, an E/C is required, however, to authorize at least one specific physician within five days of a claimant’s request.
 

 Simply acknowledging a claimant’s statutory entitlement is not sufficient.
 
 See Great Am. Indem. Co. v. Williams,
 
 85 So.2d 619, 622 (Fla.1956). Allowing an E/C to comply with its statutory duty by generally acknowledging its statutory obligation to provide a change would emasculate the statute and the five-day time period. As such, compliance with section 440.13(2)(f) requires an E/C to name at least one physician not professionally affiliated with the previous physician within five days of a claimant’s written request.
 

 Here, in its letter dated October 14, 2008, the E/C merely “agreed to authorize a one-time change” of physicians. The E/C failed to authorize a specific alternative physician within the five-day time period. The record demonstrates that the E/C did not advise Claimant it selected Dr. Parr until October 28, 2008 — nineteen days after Claimant requested a new physician. Consequently, Claimant was entitled to select her own physician.
 
 See
 
 § 440.13(2)(f), Fla. Stat. (2006). Therefore, the JCC erred in denying Claimant’s request for a change of orthopedic physician, and this portion of the order must be reversed.
 

 Claimant’s second argument on appeal concerns the JCC’s denial of TPD benefits from September 13, 2008, through the date of the final hearing. The JCC accepted the unrefuted evidence that Claimant reached maximum medical improvement (MMI) on September 12, 2008, and, consequently, denied TPD benefits beyond that date. Competent substantial evidence supports the JCC’s finding that Claimant reached MMI on September 13, 2008. Therefore, competent substantial evidence supports the JCC’s denial of TPD benefits from that point through the date of the final hearing.
 
 See
 
 § 440.15(2)(a), Fla. Stat. (2006) (“Once the employee reaches ... the date of [MMI], ... temporary disability benefits shall cease....”). Because Claimant provides no factual or legal basis to reverse the JCC’s findings on this issue, we affirm.
 

 Based on the foregoing, we AFFIRM the JCC’s denial of TPD benefits. We REVERSE that portion of the order denying Claimant’s request for a change of orthopedist and REMAND for proceedings consistent with this opinion.
 

 WEBSTER, PADOVANO, and ROWE, JJ., concur.