WETHERELL, J.
 

 In this workers’ compensation appeal, Claimant argues that the Judge of Compensation Claims (JCC) erred in denying his request for a change in treating physician. Because the JCC correctly determined that Claimant acquiesced in the Employer/Carrier’s (E/C) selection of an alternate treating physician, we affirm.
 

 On June 2, 2008, Claimant slipped and fell at work and sustained injuries to his low back and shoulder. The E/C accepted the accident as compensable and provided treatment. Claimant became dissatisfied with his initial treating physician, Dr. Kel-man, who told Claimant that his back was fine even though he was still having pain.
 

 On November 14, 2008, Claimant filed a petition for benefits (PFB), which among other things, requested an alternate treating physician. On November 21, 2008, the E/C filed a response to the PFB but, due to an administrative oversight, the E/C failed to address Claimant’s request for an alternate treating physician. Claimant did not select an alternate physician in response to the E/C’s failure to do so. Several months later, the parties attended mediation in an attempt to resolve the issues raised in the PFB. In the mediation agreement, the E/C agreed to provide Claimant an alternate treating physician and stipulated to Claimant’s counsel’s entitlement to attorney’s fees for securing the benefit. The identity of the alternate physician was not specified in the agreement.
 

 Two days after the mediation, the E/C sent Claimant a letter advising him of an appointment with Dr. Donshik, a newly authorized physician. Claimant attended several appointments with Dr. Donshik, but after Dr. Donshik opined that the workplace injury was no longer the major contributing cause of Claimant’s need for additional care, the E/C issued a notice denying further medical treatment.
 

 
 *114
 
 The case proceeded to final hearing in May 2009. At the hearing, Claimant argued that he was entitled to select an alternate treating physician of his choice because the E/C forfeited its right to choose the physician by failing to respond within five days of receiving Claimant’s request. In response, the E/C maintained that it complied with the mediation agreement and that Claimant acquiesced in the E/C’s selection of Dr. Donshik as the alternate physician by attending medical appointments with the doctor and voluntarily accepting his treatment. Therefore, the E/C argued, Claimant had already received his one-time change in treating physician.
 

 In her final order, the JCC found the E/C did not respond to Claimant’s request for a change in physician within five days of receipt of the request; that Claimant had never selected an alternate physician, even as of the date of the final hearing; and that the E/C complied with the mediation agreement by authorizing Dr. Donshik as the alternate physician. Accordingly, the JCC denied Claimant’s request for a change in treating physician.
 

 On appeal, Claimant does not argue that the JCC’s findings are not supported by competent substantial evidence; rather, he contends that the JCC erred as a matter of law because under section 440.13(2)(f), Florida Statutes (2007), he was entitled to a one-time change to a treating physician of his choice based upon the E/C’s failure to timely respond to his request. We disagree.
 

 Section 440.13(2)(f) provides in pertinent part:
 

 Upon the written request of the employee, the carrier shall give the employee the opportunity for one change of physician during the course of treatment for any one accident.... The carrier shall authorize an alternative physician ... within 5 days after receipt of the request. If the carrier fails to provide a change of physician as requested by the employee, the employee
 
 may
 
 select the physician and such physician shall be considered authorized if the treatment being provided is compensable and medically necessary, (emphasis supplied)
 

 The statute affords the employee “an absolute right to a one-time change in treating physician.”
 
 Providence Prop. & Cas. v. Wilson,
 
 990 So.2d 1224, 1225 (Fla. 1st DCA 2008). The statute does not, however, give the employee an absolute right to select the alternate physician. Only if the E/C does not timely authorize an alternate physician does the statute give the employee the
 
 option
 
 of selecting the physician. If the employee fails to exercise that option, he or she may waive the right to select the alternate physician.
 

 Here, not only did Claimant fail to select an alternate treating physician, but he also acquiesced in the E/C’s selection of the alternate physician by treating with Dr. Donshik. Under these circumstances, we conclude that the JCC did not err in denying Claimant’s request for an alternate treating physician.
 
 See Crenshaw v. Fla. Farm Bureau,
 
 489 So.2d 186 (Fla. 1st DCA 1986) (holding that claimant acquiesced in E/C’s deauthorization of previously authorized physician by her silence and utilization of alternative treatment).
 

 We recognize that in
 
 Harrell v. Citrus County School Board,
 
 25 So.3d 675 (Fla. 1st DCA 2010), we explained that it is not enough for the E/C to simply acknowledge the employee’s statutory entitlement to a one-time change in physician or for the E/C to agree to authorize a new physician without actually selecting the physician, and we held that in order to comply with section 440.13(2)(f), the E/C must actually authorize at least one specific physician
 
 *115
 
 within five days of receiving the request for a change in physician.
 
 Id.
 
 at 678. However,
 
 Harrell
 
 is distinguishable on its facts. First, unlike Claimant in this case, the claimant in
 
 Harrell
 
 did not acquiesce in treatment with the physician belatedly authorized by the E/C. Second, unlike this case where Claimant has never identified an alternate physician, the PFB filed by the claimant in
 
 Harrell
 
 sought authorization of the alternate physician selected by the claimant based upon the E/C’s failure to comply with the statute.
 

 Accordingly, the order on appeal denying Claimant’s request for a change in physician is AFFIRMED.
 

 DAVIS and CLARK, JJ., concur.