PER CURIAM.
In this workers’ compensation case, the Claimant appeals an order of the Judge of Compensation Claims denying all claims related to the Claimant’s carpal tunnel syndrome on the basis of testimony from the expert medical advisor that the carpal tunnel syndrome was not work-related. For the following reasons, we affirm.
The Workers’ Compensation Law provides that a claimant and a carrier may each select an independent medical examiner, who “may not render an opinion outside his or her area of expertise, as demonstrated by licensure and applicable practice parameters.” § 440.13(5)(a), Fla. Stat. (2005). The Law provides further that “[i]f there is a disagreement in the opinions of the health care providers, ... the judge of compensation claims shall ... order the [claimant] to be evaluated by an expert medical advisor.” § 440.1S(9)(e), Fla. Stat. (2005).
Here, an authorized treating physician, Dr. DiGeronimo, opined that the carpal tunnel syndrome was not work-related. Nonetheless, the Employer/Carrier sought an independent medical examiner, who then opined that the carpal tunnel syndrome was caused by work. The Employer/Carrier then moved for appointment of an expert medical advisor. The Judge of Compensation Claims appointed one, who opined the carpal tunnel syndrome was not work-related.
The claimant opposed the appointment of the expert medical advisor, arguing the Employer/Carrier was bound by the opinion of its independent medical examiner. In support, the Claimant cited subsection (5)(b) of section 440.13, which provides in part that “[e]ach party is bound by his or her selection of an independent medical examiner, including the selection of the independent medical examiner in accordance with s. 440.134 and the opinions of such independent medical examiner.” The Judge of Compensation Claims rejected the claimant’s argument, reasoning the limitation in subsection (5)(b) precludes serial independent medical examinations and does not preclude application of subsection (9)(e), and subsection (9)(c), in turn, does not contain an exception to its mandatory language based on the “bound” limitation in subsection (5)(b). We agree.
The Judge of Compensation Claims also, correctly, distinguished Dawson v. Clerk of Circuit Court—Hillsborough County, 991 *1127 So.2d 407 (Fla. 1st DCA 2008). In Dawson, an expert medical advisor was appointed to resolve a conflict between two doctors on causation of a shoulder injury and the claimant argued that one doctor’s opinion was inadmissible and lacked a proper foundation. 991 So.2d at 410. This court reversed, holding that the doctor’s testimony could not be excluded under section 440.13(5)(e), Florida Statutes, because he was authorized to treat the claimant (specifically, her wrist), but there was no actual conflict in the medical opinions because that doctor was not authorized to treat the shoulder, did not examine the shoulder, and did not review any studies or records concerning the shoulder other than one letter from the claimant’s previous doctor to a third doctor noting the claimant’s complaints of shoulder pain. By contrast, in the present case Dr. Di-Geronimo both examined the claimant’s wrists and reviewed results of testing on her wrists.
Accordingly, we conclude the Judge of Compensation Claims did not err in appointing the expert medical advisor.
Affirmed.
PADOVANO and LEWIS, JJ., concur. BENTON, C.J., concurs with opinion.