PER CURIAM.
In this workers’ compensation case, the Employer/Carrier appeals an order of the Judge of Compensation Claims (JCC) awarding Claimant her own selection of a “one-time” change of physician under section 440.13(2)(f), Florida Statutes (2009). We reverse because, although we agree with the JCC that Claimant’s purported petition for benefits constituted the “written request” required by section 440.13(2)(f), we hold the JCC erred in finding the Employer/Carrier (E/C) did not comply with the request within the five days section 440.13(2)(f) allows. The E/C’s informing Claimant of a particular doctor’s name within five days of receiving the request satisfied section 440.13(2)(f), even though the E/C did not contact the doctor. See Dorsch, Inc. v. Hunt, 15 So.3d 836 (Fla. 1st DCA 2009); Harrell v. Citrus County Sch. Bd., 25 So.3d 675 (Fla. 1st DCA 2010). We distinguish Pardo v. Denny’s, Inc., 631 So.2d 388. (Fla. 1st DCA 1994), on the ground that its facts involved the initial provision of care rather than, as here, the transfer of care.
REVERSED.
WOLF, LEWIS, and THOMAS, JJ., concur.