PER CURIAM.
We have for review an order of the Judge of Compensation Claims (JCC) that finds the Employer/Carrier timely authorized a change in Claimant’s authorized treating physician following Claimant’s request for a one-time change pursuant to section 440.13(2)(f), Florida Statutes (2011). For the following reasons, we reverse the order.
Claimant’s attorney e-mailed a request for a one-time change to the adjuster on September 25, 2012. On September 26, the adjuster responded and advised that he would “send notes to the Orthopaedic Institute to see if one of their orthopedics will assume treatment.” On September 28, the adjuster faxed a letter to Jacksonville Orthopaedic Institute, sending Claimant’s medical records, and advising the Institute it was authorized to “evaluate and treat” Claimant and asking that “one of your physicians review the attached medical notes and schedule an appointment” for Claimant. It is undisputed that neither Claimant nor his attorney was sent a copy of that fax.
Thereafter, on October 5, the adjuster emailed Claimant’s attorney advising that an appointment was scheduled with Dr. Kaplan on October 19. Claimant’s attorney replied that when the adjuster did not respond to the request within five days, he had referred Claimant to a physician. Following consideration of this issue— *922 whether the Employer/Carrier timely responded to Claimant’s request — at an expedited hearing, the JCC determined Dr. Kaplan to be the “appropriate authorized treating physician as the Employer/Carrier complied with the statutory provision of F.S. § 440.13(2)(f) in authorizing the alternative physician within five (5) days.” The JCC based this conclusion on his finding that the Employer/Carrier “actually authorized a change of physician to Dr. Kap-lan with JOI when it faxed its letter of authorization to that provider on September 28, 2012.”
The JCC’s conclusion that Dr. Kaplan was authorized via the September 28 fax lacks record support as the adjuster testified he did not know on September 28 whether the Jacksonville Orthopaedic Institute would agree to undertake Claimant’s treatment. Because Claimant was not informed of the name of a specific physician until October 5, the JCC further erred in his interpretation of the relevant statutory language requiring that an employee be “granted” a change.
We have previously addressed this issue. In Harrell v. Citrus County School Board, 25 So.3d 675, 676 (Fla. 1st DCA 2010), we reversed the JCC’s determination that the employer/carrier timely authorized a onetime change when it sent a response to the claimant that simply agreed that a change would be provided and advised that it was in the process of scheduling an appointment. “Based on the plain reading of the statute, an E/C is required, however, to authorize at least one specific physician within five days of a claimant’s request.” Id. at 678.
Additional support is found in HMSHost Corp. v. Frederic, 102 So.3d 668 (Fla. 1st DCA 2012). This court reversed the JCC’s finding that the E/C had not timely authorized a change in physician. Id. “The E/C’s informing Claimant of a particular doctor’s name within five days of receiving the request satisfied section 440.13(2)(f), even though the E/C did not contact the doctor.” Id. Frederic represents the flip side of the situation here. In Frederic, the claimant was notified but not the doctor. Id. Here, Jacksonville Ortho-paedic Institute was notified but Claimant was not. The situations are not, however, equal. In Frederic, because the claimant knew the doctor’s name, she had the ability to follow up if she heard nothing. On the other hand, here, Claimant had no way to follow up as he was not provided a name.
Because competent substantial evidence does not support the JCC’s finding that the E/C “actually authorized a change of physician to Dr. Kaplan with Jacksonville Orthopaedic Institute when it faxed its letter of authorization to that provider on September 28, 2012,” and the JCC erred in determining that unilateral notice to Jacksonville Orthopaedic Institute was sufficient to comply with section 440.13(2)(f), the JCC abused his discretion in naming Dr. Kaplan as the authorized treating physician. See Ullman v. City of Tampa Parks Dep’t, 625 So.2d 868, 873 (Fla. 1st DCA 1993) (“The role of this court must be to guard against fanciful or arbitrary abuse of discretion in workers’ compensation cases, and we will continue to do so by scrutinizing JCC findings under the lift of the basic rule requiring competent substantial evidence in support of such findings.”). Accordingly, the February 7, 2013, order is REVERSED, and this matter is REMANDED for entry of an order recognizing Dr. Joseph as Claimant’s onetime change in treating physicians.
VAN NORTWICK, CLARK, and OSTERHAUS, JJ„ concur.