IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ELSA DOMINGUEZ,

        Appellant,

v.

COMPASS GROUP and
GALLAGHER BASSETT
SERVICES, INC.

        Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2195

Opinion filed May 16, 2017.

An appeal from an order of the Judge of Compensation Claims.
Margaret E. Sojourner, Judge.

Date of Accident: April 1, 2012.

Mark L. Zientz of Mark L. Zientz, P.A., Miami, for Appellant.

Mary Frances Nelson of Eraclides, Gelman, Hall, Indek, Goodman & Waters, Ft. Myers, for Appellees.

PER CURIAM.

      In this workers' compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) denying her claim for a one-time change of physician under section 440.13(2)(f), Florida Statutes (2011). We reverse pursuant

to <u>Providence Prop. & Cas. v. Wilson</u>, 990 So. 2d 1224, 1225 (Fla. 1st DCA 2008), because a claimant's right to a one-time change of treating physician is absolute if the request is made during the course of treatment.

Claimant sustained a compensable crush injury to her right hand on April 1, 2012. The Employer/Carrier (E/C) subsequently authorized medical treatment with Dr. Arango, an orthopedic hand specialist.  Dr. Arango provided treatment for the workplace hand injury, placed Claimant at maximum medical improvement on October 13, 2013, and assigned a 3% permanent impairment rating along with restrictions on the use of the right hand.  In May 2014, Claimant filed a petition for benefits (PFB) seeking authorization of medical care from a primary care provider. The E/C denied the claim and raised various defenses including major contributing cause with regard to the need for any further medical care.

In a subsequent order entered in May 2015, the JCC found nothing in the records from the authorized physicians indicating a need for additional medical treatment.   Almost a year later, in February 2016, Claimant filed a PFB seeking authorization of a one-time change of physician. In response, the E/C asserted, among other things, that *res judicata* barred the request for the one-time change. Both Claimant and the E/C subsequently filed motions for summary final order. On April 21, 2016, the JCC entered an order granting the E/C's motion and denying the claim for a one-time change of physician based on her conclusion that the May

2

2015 final order was *res judicata* as to the need for future medical care. This appeal followed the final order denying claimant's request for a one-time change of physician.

Section 440.13(2)(f) provides that "[u]pon the written request of the employee, the carrier shall give the employee the opportunity for one change of physician during the course of treatment for any one accident." In <u>Wilson</u>, we said that the "course of treatment" requirement is met so long as the claimant has been treated with an authorized physician, even if a claimant was subsequently discharged from medical care. 990 So. 2d at 1225. Because Claimant was previously treated by an authorized physician, she qualifies to seek a one-time change of physician. The doctrine of *res judicata* does not properly apply. Thus, we REVERSE the order below and REMAND for further proceedings consistent with this opinion.

OSTERHAUS, BILBREY, and WINOKUR, JJ., CONCUR.