PER CURIAM.
 

 Claimant challenges an order of the Judge of Compensation Claims (JCC) denying her requests for: (1) authorization for referral to a pain management specialist recommended by her authorized treating physician; (2) an award of palliative care; and (3) attorney’s fees and costs. For the reasons explained below, we reverse as to the first and third issues. Because Claimant failed to preserve the second, we affirm without further comment.
 

 The JCC found that the employer/carrier (E/C) failed not only to timely respond to repeated written requests by Claimant’s authorized treating physician for a referral to a pain management specialist, but failed to respond at all. Despite this finding, the JCC denied Claimant’s request for this referral because he found the medical evidence showed the referral was not reasonably and medically necessary. Claimant argues that, pursuant to either section 440.13(3)(d) or (i), Florida Statutes (2002), the E/C was estopped from arguing the referral was not medically necessary because it failed to timely respond to the doctor’s written referral requests. We agree.
 

 Section 440.13(3)(d) provides in relevant part:
 

 A carrier must respond, by telephone or in writing, to a request for authorization by the close of the third business day after receipt of the request. A carrier who fails to respond to a written request for authorization for referral for medical treatment by the close of the third business day after receipt of the request
 
 consents to the medical necessity for such treatment.
 
 (Emphasis added).
 

 Section 440.13(3)(i) provides in relevant part:
 

 Notwithstanding paragraph (d), a claim for specialist consultations ... is not valid and reimbursable unless the services have been expressly authorized by the carrier,
 
 or unless the carrier has failed to respond within 10 days to a written request for authorization,
 
 or unless emergency care is required.
 

 (Emphasis added.)
 

 This court has held that section 440.13(3)(d) must be read
 
 in pari materia
 
 with sections 440.13(2)(a), and (c).
 
 See St. Augustine Marine Canvas & Upholstery, Inc. v. Lunsford,
 
 917 So.2d 280, 284 (Fla. 1st DCA 2005) (holding these sections are
 
 *756
 
 properly read together). The latter two statutes provide a caveat that any medical care provided under section 440.13 must be medically necessary as a result of a compensable injury.
 

 Here, it is undisputed that the E/C did not respond to the authorized treating doctor’s multiple requests for authorization for referral to a pain management specialist within either three or ten business days after receiving them. While the statutes in question do not require an E/C to.authorize a referral request by an authorized treating doctor within the time specified, they do require an E/C to respond. If there is no response, the plain language of statute provides that the E/C has consented to the medical necessity of the treatment. Thus, an E/C who fails to comply with the statutory requirement forfeits the right to contest whether the referral is reasonably and medically necessary.
 

 Applying section 440.13(2)(a), an E/C that fails to timely respond to a referral request is only required to continue providing the recommended treatment so long as it is reasonably and medically necessary.
 
 See Providence Prop. & Cas. v. Wilson,
 
 990 So.2d 1224 (Fla. 1st DCA 2008);
 
 Dawson v. Clerk of the Cir.
 
 Ct.—
 
 Hillsborough County,
 
 991 So.2d 407 (Fla. 1st DCA 2008) (holding that, although an E/C is obligated to comply with a claimant’s request for a one-time change of physician pursuant to section 440.13(2)(f) regardless of the E/C’s opinion as to the medical necessity of further treatment, an E/C is only obligated to provide treatment recommended by the new doctor that is reasonably and medically necessary).
 

 Because the E/C here failed to respond to the authorized treating doctor’s written requests for a referral to a pain management specialist, the E/C violated both sections 440.13(d), and (i) and thus it was error for the JCC to deny authorization of a pain management specialist on the ground it was not reasonably and medically necessary. Consequently, it was also error to deny Claimant’s request for attorney’s fees and costs for prevailing on this issue.
 

 REVERSED in part, AFFIRMED in part, and REMANDED for proceedings consistent with this opinion.
 

 ALLEN, VAN NORTWICK, and ROBERTS, JJ., concur.