MARSTILLER, J.
In this workers’ compensation appeal, the City of Panama City and Preferred Governmental Claim Solutions (E/C) challenge an order of the Judge of Compensation Claims (JCC) awarding medical benefits and finding the E/C responsible for Claimant’s attorney’s fees and costs. At issue are whether, under section 440.13(3)(i), Florida Statutes (2002), an E/C must authorize or deny a written request for treatment within ten days of receiving the request, and whether failing to timely respond precludes an E/C from later contesting the causal connection between the compensable injury and the treatment sought. The JCC ruled that section 440.13(3)0) required the E/C to either authorize or deny Claimant’s requests for left knee arthroscopy and Su-partz injections within the ten-day response period. The JCC also concluded that the E/C waived its right to challenge Claimant’s claims because it did not timely respond[1] to requests from Claimant’s authorized treating physician for the treatment. We find the JCC incorrectly construed section 440.13(3)0). Therefore, we reverse and remand for further proceedings.
Our decision in Elmer v. Southland Corp./7-11, 5 So.3d 754 (Fla. 1st DCA 2009), neatly addresses the issues raised in this appeal. In Elmer we were asked to decide whether the E/C was precluded from challenging the medical necessity of the requested treatment because the E/C failed to timely respond, under sections 440.13(3)(d)[2] and (3)(i)[3], Florida Statutes (2002). Reading the plain language of paragraph (3)(d), and construing paragraphs (3)(d) and (3)(i) together, we held *616 that “an E/C who fails to comply with the statutory requirement forfeits the right to contest whether the referral is reasonably and medically necessary.” Id. at 756. In the instant case, the JCC ruled that under section 440.13(3)(i), an E/C must either authorize or deny the requested treatment within ten days. As we explained in Elmer, however, “the statutes in question do not require an E/C to authorize a referral request by an authorized treating doctor within the time specified, [but] they do require an E/C to respond.” Id. Indeed, paragraph (3)(i) contemplates that an E/C may seek an opinion from an expert medical advisor (EMA) — which could take more than 10 days — before making a final determination on the referral request.
We also reaffirmed in Elmer that sections 440.13(2)(a) and (2)(c) “provide a caveat that any medical care provided under section 440.13 must be medically necessary as a result of a compensable injury.” Id. (emphasis added). In other words, both medical necessity and a causal connection between the compensable injury and the requested treatment must exist. Therefore, even if under section 440.13(3)(i) an E/C waives its right to question the medical need for requested treatment, it may yet contend that the claimant’s compensable injury is not the reason treatment is needed. See City of Pembroke Pines v. Ortagus, 50 So.3d 31, 32 (Fla. 1st DCA 2010) (explaining that employer’s duty under section 440.13(2)(a) to furnish medically necessary care ‘“for such period as the nature of the injury or the process of recovery may require’” obliges E/C to pay for claimant’s injury-related treatment “as long as the condition remains the major contributing cause of his need for medical care”); Engler v. Am. Friends of Hebrew Univ., 18 So.3d 613, 614 (Fla. 1st DCA 2009) (concluding that after compensability of injury is established, E/C can contest specific treatment request based on lack of causal connection to compensable injury). That is precisely what the E/C in this ease sought to do based on the appointed EMA’s opinion. The JCC erred in concluding that the E/C waived its right to raise the challenge.
For the foregoing reasons, we REVERSE the appealed Final Compensation Order Awarding Medical Benefits, Attorney’s Fees and Costs, and REMAND this case for further proceedings consistent with this opinion.
WETHERELL and RAY, J.J., concur.

. The E/C does not challenge the JCC's finding as to the untimely response.

. A carrier must respond, by telephone or in writing, to a request for authorization by the close of the third business day after receipt of the request. A carrier who fails to respond to a written request for authorization for referral for medical treatment by the close of the third business day after receipt of the request consents to the medical necessity for such treatment. All such requests must be made to the carrier. Notice to the carrier does not include notice to the employer.

.Notwithstanding paragraph (d), a claim for specialist consultations, surgical operations, physiotherapeutic or occupational therapy procedures, X-ray examinations, or special diagnostic laboratory tests that cost more than $1,000 and other specialty services that the agency identifies by rule is not valid and reimbursable unless the services have been expressly authorized by the carrier, or unless *616 the carrier has failed to respond within 10 days to a written request for authorization, or unless emergency care is required. The insurer shall not refuse to authorize such consultation or procedure unless the health care provider or facility is not authorized or certified or unless an expert medical advisor has determined that the consultation or procedure is not medically necessary or otherwise com-pensable under this chapter. Authorization of a treatment plan does not constitute express authorization for purposes of this section, except to the extent the carrier provides otherwise in its authorization procedures. This paragraph does not limit the carrier's obligation to identify and disallow overutilization or billing errors.