BENTON, J.
On appeal from a compensation order denying all relief, Jose Juan Andino-Riv-era contends he proved he was entitled to temporary partial disability benefits and, on two different theories, to medical evaluation and possible care from a pain management specialist. We reverse with directions to award temporary partial disability benefits for April 16, 2012, and continuing; and with directions that the judge of compensation claims make findings as to whether and, if so, when ap-pellees responded to either of the author *1193 ized physicians’ requests that a pain management specialist be authorized, as well. We reject appellant’s alternative theory that he was entitled to elect a pain management physician in lieu of a surgeon under section 440.13(2)(f), Florida Statutes (2011), and so leave intact his prerogative to invoke his rights under section 440.13(2)(f) in appropriate circumstances in the future.
Mr. Andino-Rivera suffered two com-pensable injuries as a result of his compen-sable workplace accident on October 14, 201—a lumbar strain and an inguinal hernia. The employer’s insurance carrier (Gallagher) authorized Lakeside Occupational Medical Centers (Lakeside) and Dr. Hirsch, a general surgeon who repaired Claimant’s hernia surgically. After the surgery, Dr. Hirsch made a written recommendation on January 31, 2012, that Mr. Andino-Rivera be referred to a pain management specialist, a recommendation the adjuster acknowledged receiving on February 9, 2012. Separately, on April 16, 2012, Lakeside recommended evaluation by a pain management specialist, a recommendation Southeast Atlantic Beverage Company (Southeast) conceded it received the following day.
The judge of compensation claims failed to rule on appellant’s claim for temporary partial disability benefits beginning on April 16, 2012, and continuing. Based on uncontested findings (and in the absence of any affirmative defense), Mr. An-dino-Rivera was entitled to temporary partial disability benefits for the period in question. See § 440.15(4)(a), Fla. Stat. (2011) (“Benefits shall be payable ... only if overall maximum medical improvement has not been reached and the medical conditions resulting from the accident create restrictions on the injured employee’s ability to return to work.”). The finding that he had not reached maximum medical improvement at the time of hearing is not challenged here. Neither is the finding that medical personnel at Lakeside restricted him from performing his work for Southeast (in the course of an evaluation that was, according to unchallenged findings of the judge of compensation claims, “clearly related to [his] industrial injury”) beginning on April 16, 2012, and continuing. Accordingly, we reverse the order under review insofar as it denies compensation benefits, and remand for entry of an order awarding temporary partial disability benefits beginning on April 16, 2012.
Under sections 440.13(3)(d) and (i), an employer or carrier “forfeits the right to contest” the medical necessity of an authorized doctor’s referral for (additional) medical treatment, unless the employer or carrier responds to the authorized doctor’s written request for a referral within the time allowed. Elmer v. Southland Corp. 7-11, 5 So.3d 754, 756 (Fla. 1st DCA 2009). Although a carrier is not required to grant the request for a referral within the times specified in sections 440.13(3)(d) (three days) and (i) (ten days), it must respond to each written request within the time prescribed. As an incentive for prompt responses, the carrier is deemed to agree to the medical necessity of the referral, in the absence of a timely grant or denial. See id.
In the present case, the claimant cited the foregoing legal authority, specifically arguing that Gallagher had waived or forfeited the right to deny the medical necessity of a pain management referral by failing to respond on two separate occasions to two separate, written recommendations by two different, authorized medical providers. The judge of compensation claims denied the request for a referral to a pain management specialist, however, based on the stated ground that pain management was not “warranted” or “re *1194 quired.” No findings were made as to how, or when (if ever), Southeast or Gallagher responded to the authorized, referring medical providers, as required by section 440.13(3)(i). We can only interpret the judge’s decision to deny as having been based on a conclusion that there was no medical necessity for the referral.[1]
The judge of compensation claims erred by not determining whether Southeast or Gallagher timely responded to Dr. Hirsch within ten days[2] of receiving Dr. Hirsch’s recommendation. Betancourt v. Sears Roebuck & Co., 693 So.2d 680, 682 (Fla. 1st DCA 1997) (explaining that the court will “consider the JCC’s failure to rule reversible error based on the JCC’s noncompliance with the duty to adjudicate all issues that are ripe for adjudication”). If not, the question of medical necessity is moot. Accordingly, we reverse and remand for additional proceedings based on the record already established (without taking additional evidence) for the judge of compensation claims to make findings of fact as to when and how, if at all, Southeast or Gallagher responded to Dr. Hirsch’s January 31, 2012 recommendation for referral to a pain management specialist. If the judge of compensation claims finds that neither the carrier nor the employer did respond to Dr. Hirsch in a timely fashion, Mr. Andino-Rivera should be awarded an evaluation with a pain management specialist. See Elmer, 5 So.3d at 756.
Separate and apart from the pain management referral made by Dr. Hirsch, the evaluating medical personnel at Lakeside made a report dated April 16, 2012, indicating that Mr. Andino-Rivera should refrain from working until such time as he was evaluated by a pain management specialist. If the claimant is not awarded an evaluation with a pain management specialist on account of a lack of timely response to Dr. Hirsch’s recommendation, the judge of compensation claims should determine, on remand, again apart from any question of medical necessity, whether the Carrier responded to Lakeside within ten days of receipt[3] of the April 16, 2012 written recommendation for a pain management specialist. See Betancourt, 693 So.2d at 682.
Accordingly, we reverse and remand for additional proceedings based on the record already established (without taking additional evidence) for the judge of compensation claims to make findings of fact as to when the carrier received the April 16, 2012 recommendation from Lakeside, and as to when and how the carrier responded to Lakeside regarding the April 16, 2012 recommendation for a pain management specialist.[4] If on remand the judge of *1195 compensation claims finds that the carrier did not timely respond to the Lakeside referral, Mr. Andino-Rivera shall be awarded an evaluation with an authorized pain management specialist. See Elmer, 5 So.3d at 756.
We affirm the denial of the claim for a one-time change in physician under section 440.13(2)(f). We reverse the unexplained denial of an evaluation by a pain management specialist sought under section 440.13(3)(i), and the denial of temporary partial disability benefits beginning April 16, 2012. We also reverse the denial of penalties and interest for the disability benefits, and the denial of attorney’s fees and costs, as to all issues except the section 440.13(2)(f) claim.
Affirmed in part, reversed in part, and remanded.
LEWIS, C.J. and SWANSON, J., concur.

. The argument that the judge of compensation claims did not deny the claim for an evaluation with a pain management specialist on the grounds of medical necessity finds no support in the record. We do not reach the question of medical necessity because it is irrelevant to any issue on appeal.

. At oral argument held in this case, counsel for the claimant conceded that, because Dr. Hirsch requested the authorization of a specialist, the ten-day response period provided for in section 440.13(3)(i) pertains.

. A representative of Southeast testified that Southeast received the April 16, 2012 recommendation for a pain management specialist on April 17, 2012. The claims adjuster handling die file testified that she also received this written recommendation, albeit at a later date.

. If a pain management evaluation is awarded based on Dr. Hirsch's January 31, 2012 recommendation, the judge of compensation claims need not address the second, separate recommendation for a pain management specialist. If, however, the judge of compensation claims finds the carrier timely responded to Dr. Hirsch, the judge of compensation claims shall then address whether the carrier timely responded to the second, separate rec *1195 ommendation for a pain management specialist.