IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TERRY PEARSON,

      Appellant,

v.

BH TRANSFER AND CHARTIS
CLAIMS, INC.,

      Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4560

_____/

Opinion filed May 27, 2015.

An appeal from an order of the Judge of Compensation Claims.
John J. Lazzara, Judge.

Date of Accident: April 4, 2012.

Paul M. Anderson of Anderson & Hart, P.A., Tallahassee, for Appellant.

Christopher J. Dubois and Mary E. Cruickshank of DuBois & Cruickshank, P.A., Tallahassee, for Appellees.

PER CURIAM.

In this workers' compensation appeal, Claimant, Terry Pearson, argues that

the Judge of Compensation Claims (JCC) erred when he denied Claimant's request

for authorization of spinal surgery on grounds that the surgery was not medically

necessary. Because the JCC's interpretation of section 440.13(3)(i), Florida Statutes (2011), was erroneous, we reverse.

Claimant filed a petition for benefits requesting authorization for the surgical procedure recommended by his authorized treating physician and attached to the petition a copy of the doctor's office note recommending the procedure. More than ten days after receipt of the written request, Chartis Claims, the carrier, filed its response to the petition. The JCC denied the request on the grounds that the procedure was not medically necessary. However, this Court has previously held that section 440.13(3)(i) requires a carrier to respond to a request within a specific timeframe or forfeit its right to contest the medical necessity of the requested service. Andino-Rivera v. Se. Atl. Beverage Co., 132 So. 3d 1191, 1193 (Fla. 1st DCA 2014) ("Under sections 440.13(3)(d) and (i), an employer or carrier 'forfeits the right to contest' the medical necessity of an authorized doctor's referral for (additional) medical treatment, unless the employer or carrier responds to the authorized doctor's written request for a referral within the time allowed."); City of Panama City v. Bagshaw, 65 So. 3d 614, 615-16 (Fla. 1st DCA 2011) (same); Elmer v. Southland Corp., 5 So. 3d 754, 756 (Fla. 1st DCA 2009) (same). Here, the carrier failed to timely respond to the request; thus, it forfeited the right to contest whether the referral was reasonable and medically necessary.

2

We, therefore, REVERSE the order on appeal and REMAND for entry of an order awarding the requested surgery.

WOLF, ROWE, and SWANSON, JJ., CONCUR.